PARTRIDGE & a. *v.* PHILBRICK.

If a bailee for hire for a limited term, with a right to purchase the goods upon payment of a certain price, sells the goods without having completed payment therefor, the bailment is thereby ended, and the owner may maintain replevin for the goods.

REPLEVIN, for a horse. Facts found by a referee. In October, 1878, the plaintiffs sold to one Alden the horse replevied for $100, to be paid in one year in monthly instalments of $8, the horse to be in Alden's possession, but to remain the property of the plaintiffs till paid for. If not fully paid for at the end of the year, Alden was to forfeit whatever he had paid, and the horse was to be returned to the plaintiffs. Near the end of April, 1879, Alden sold the horse to the defendant. He had then paid $76.70 towards the price,—$20.70 more than had then become due. The plaintiffs demanded the horse of the defendant about one hour before the service of the writ. The defendant refused, claiming to own the horse by purchase from Alden, and was an innocent purchaser. He made no request for time to investigate the plaintiffs' title. A few days after the horse was replevied Alden tendered to the plaintiffs $3, claiming that that sum, with what was due him from the plaintiffs for labor, and which he elected so to apply, was sufficient to complete payment for the horse. The amount tendered was not sufficient, because he had by a previous arrangement with the plaintiffs applied a portion of their indebtedness to him in payment of his other indebtedness to them. The court ordered judgment for the plaintiffs, and the defendant excepted.

*John Y. Mugridge*, for the defendant.

*Leach & Stevens*, for the plaintiffs.

SMITH, J. Alden did not become a purchaser of the horse, because the parties stipulated that he should not be until the price should be paid. The property had not passed to him at the time of the attempted sale to the defendant, because the full price had not been paid. Alden was only a bailee for hire, with the right to purchase if he paid the price within the year. The contract which gave him the right to purchase, gave him no right to sell. By selling what he did not own, he lost his right to the possession and thereby terminated the bailment.

But he had an assignable interest in the horse, a right to hold and use him for a year, and to acquire an absolute title to him provided he paid the price within the year as the monthly instalments fell due. This interest he had a right to sell, that is, a right to sell the horse subject to the claim of the plaintiffs. As it does not appear that the bailment rested on any personal confidence, as in the case of a valuable chattel, or valuable for special reasons, a sale of his interest to the defendant would entitle the latter to hold the horse as Alden had held it, and would confer on the defendant the right to acquire an absolute title by completing the payment of the purchase-money. But this was not what Alden did. He did not dispose of his interest merely in the horse,—

his right to hold and use him during the year, with the right to complete the payment of the purchase-money and thereby acquire an absolute title to him,—but he made an unconditional sale of the horse to the defendant without regard to the plaintiffs' rights. He undertook to sell what he did not own and therefore could not convey.

The defendant might perhaps have protected himself when demand was made for the horse by tendering the balance due. Instead of recognizing the plaintiffs' ownership and superior title, he denied their right entirely, and refused to return the horse. The plaintiffs were therefore entitled to treat the contract with Alden as violated and the bailment at an end, and to resume the possession at once. *Sargent* v. *Gile*, 8 N. H. 325; *Bailey* v. *Colby*, 34 N. H. 29; *McFarland* v. *Farmer*, 42 N. H. 386; *King* v. *Bates*, 57 N. H. 446. These decisions go upon the ground that the bailee, by undertaking to sell the property of his bailor, is guilty of a breach of the trust reposed in him, which authorizes the bailor to treat the trust as at an end, and to resume the possession of his property.

If any demand was necessary, the case finds that one was made upon the defendant before the suit was brought, and the defendant made no request for time to investigate the plaintiffs' title.

The tender of $3 by Alden after the suit was brought was insufficient, even if he otherwise had the right to apply in the way he claimed the amount due him on account from the plaintiffs, because the case also finds that he had previously made a different application of a portion of the same indebtedness.

*Exceptions overruled.*

STANLEY, J., did not sit: the others concurred.