HERVEY & a. v. DIMOND.

The interest of a bailee for hire of goods, with a right to purchase them upon payment of a certain price, is attachable; and the attaching creditor can hold the goods as against the bailor, if he seasonably tenders him so much of the price as may be due.

REPLEVIN, of household furniture. Facts agreed. February 5, 1891, the plaintiffs delivered from their place of business in Boston, to one Fred D. Story at Penacook, a lot of household furniture, under a contract in writing in which it was stipulated that he had hired and received the same of the plaintiffs, and would pay them for the rent and use thereof the sum of five dollars per month until the price, $77.38, should be paid; that the plaintiffs were to remain absolute owners of the property until the full price should be paid, when they were to "release their claim and right in the goods above leased" to Story. The contract further provided, that if Story should fail to pay the rent as stipulated, or should remove the goods from Penacook, or sell or underlet them, or suffer them to be attached, he would thereby forfeit all right to the goods and to the further use of them, and to all moneys paid, and that the plaintiffs might enter the premises of Story and remove the same. August 14, 1891, Story paid and the plaintiffs accepted a monthly instalment, making the whole amount paid by him under the contract $30.

On that day the defendant as deputy sheriff attached the goods, as the property of Story, in the freight station at Penacook, awaiting shipment to Boston, on a writ in favor of one Whitaker. In answer to a letter from the defendant inquiring the amount due them upon the contract, the plaintiffs replied, August 18, that the balance due was $47.38; that they had given Story permission to move the goods to East Boston; and concluded, "so we do not presume that you would care to detain the goods knowing they were leased property."

A demand made September 8 for the goods was refused. On that day Whitaker, the attaching creditor, tendered them $47.38, which was refused. Later, the same day, the defendant demanded in writing of the plaintiffs an account under oath of the sum due them by virtue of any contract with Story. The plaintiffs never made any reply to the demand. September 12, 1891, they replevied the goods and took them to Boston.

*Streeter, Walker & Chase*, for the plaintiffs.

*Albin & Martin*, for the defendant.

SMITH, J. The contract (called a lease) does not, in legal effect, differ materially from a conditional sale. Although by the contract it was stipulated that the plaintiffs should remain absolute owners of the goods until the full price should be paid, it does not follow that Story had no interest in the property. He had the right to pay the balance due and become the owner of the property. While the plaintiffs remained the general owners until the full price should be paid, Story's interest was that of a special owner, which the law recognizes and protects. It was an

assignable and attachable interest, his assignee or attaching creditor acquiring the same rights as he had. If Story failed to make the monthly payments according to the contract and the plaintiffs might for that cause have asserted a forfeiture, they waived the default by accepting an instalment August 14.

Although the attachment was nominally of the property, yet it plainly appears that Whitaker did not intend to attach in disregard of the plaintiffs' rights, and he fully recognized them by tendering the amount due. If necessary, the officer's return can be amended to conform to the fact. By the tender of the amount due the plaintiffs, their title to the goods became vested in Story, subject to Whitaker's attachment. As Whitaker seasonably tendered the amount of their claim, the defendant is entitled to judgment for the value of the property and for his costs. A few of the authorities in support of these views are *Sargent* v. *Gile*, 8 N. H. 325; *Porter* v. *Pettengill*, 12 N. H. 299; *Bailey* v. *Colby*, 34 N. H. 29; *McFarland* v. *Farmer*, 42 N. H. 386; *Partridge* v. *Philbrick*, 60 N. H. 556.

There is a clause in the contract that Story, by suffering the property to be attached, would forfeit all right to and use of the goods. It does not appear that Story procured or advised the attachment to be made. Whether he can be said to have "suffered" the attachment to be made when it was not made by his procurement or with his consent, and when, so far as appears, he could not prevent it, is a question not made. The plaintiffs have not contended or suggested that Story's interest in the goods was terminated by the attachment.

*Case discharged.*

All concurred.