RICHMOND L. MELCHER

*vs.*

THE INSURANCE COMPANY OF PENNSYLVANIA.

Oxford.    Opinion May 18, 1903.

*Release.   Compromise and Settlement.   Requisites.   Consideration.   Fire Insurance. Transfer.*

The compromise of a doubtful claim is a sufficient consideration for a promise to pay money for the settlement of such claim, and it is immaterial upon which side the right ultimately proves to be.

The surrender of a groundless claim, which is known by both parties to be unenforceable, is not a sufficient consideration to uphold a promise to pay money for the settlement of such a claim.

To support such a promise the claim must be made in good faith with a belief by the claimant that there is some chance of its successful enforcement. It is necessary that the parties should at least have supposed, at the time of the compromise, that the validity of the claim made was doubtful, either on account of uncertainty as to what facts might be proved or as to the law applicable thereto.

A policy of insurance which provides that it shall become void if the property insured be conveyed without the assent in writing of the insurer, is equally avoided although the conveyance by the insured is to his wife.

On report.    Judgment for defendant.

Assumpsit on an alleged agreement by defendant insurance company to pay $400 as a compromise settlement of plaintiff's claim of $500.

Plaintiff made his claim as mortgagee of the wife of the insured to whom the destroyed premises were conveyed without the consent of the company required by the terms of the policy.

Plaintiff's declaration was as follows:—

"In a plea of the case — For that whereas the said defendant company on the thirteenth day of January, 1897, in consideration of a premium in money, then and there paid to it by one Simon P. Baker of Andover, in said county, made a policy of insurance, number 80,285, upon a certain dwelling-house of the said Baker, situated

on Farmer's Hill in said Andover, at the corner of the Andover and Rumford roads: and the said defendant company by said policy promised the said Baker to insure five hundred (500) dollars thereon from the said thirteenth day of January, 1897, until the thirteenth day of January, 1900, against all loss or damage by fire originating from any cause except invasion, foreign enemies, civil commotions, riots, or any military or usurped power whatever: and the plaintiff avers that afterwards, and before the expiration of the time limited in said policy, to wit: on the second day of August, 1899; to wit: on the second day of August A. D. 1899, the said dwelling-house was accidentally and by misfortune totally consumed by fire; and the plaintiff avers that he was then, and still is, interested in said real estate as mortgagee, and that the amount of the debt secured by said mortgage was, and is, the sum of seven hundred (700) dollars and interest, which mortgage is still unpaid or satisfied; and the plaintiff further avers that after the destruction of the said dwelling-house by fire as aforesaid that he duly notified the said defendant company that he held a mortgage of the said real estate and claimed a lien on the said policy of insurance, by virtue of the statutes in such case made and provided, for the full amount of the insurance, to wit: five hundred (500) dollars: whereupon a dispute arose between the said plaintiff and the said defendant company as to the liability of the said company to pay said claim, and also as to the amount that should be so paid; and the said plaintiff was about to sue said company to recover said five hundred (500) dollars; and the said defendant company on, etc., to wit: on the eleventh day of October, 1899, and on divers other days and times, at, etc., to wit: at said Paris, with full knowledge of the premises, and after due investigation of the plaintiff's claim, in order to settle and compromise the same, and to avoid litigation, and in consideration of the said plaintiff's promise to forbear to sue said claim, and to forever relinquish and release to the said defendant company all his right of action by reason of the same, promised the said plaintiff, both orally and in writing, to pay him the sum of four hundred (400) dollars, which offer the said plaintiff agreed to accept in settlement and in compromise of his said claim of five hundred (500) dollars against said

defendant company; and the plaintiff avers, that confiding in the said promise of the said defendant company, he has hitherto foreborne to sue the said defendant company, and never commenced an action against the said defendant company on this behalf; and, although a reasonable time for the payment of the said sum of four hundred (400) dollars, so owing by the said defendant company has long since elapsed: yet the said defendant company, though often requested, has not paid the same, but neglects and refuses so to do, to the damage of said plaintiff, as he says, the sum of eight hundred dollars."

The plea was the general issue with no brief statement.

The facts are stated in the opinion.

*Geo. D. Bisbee and R. T. Parker,* for plaintiff.

*A. M. Goddard,* for defendant.

SITTING: WISWELL, C. J., EMERY, WHITEHOUSE, STROUT, SAVAGE, POWERS, JJ.

WISWELL, C. J. By a policy of insurance dated January 13, 1897, the defendant company insured one Simon P. Baker against loss by fire upon his dwelling-house, for a period of three years from that date, in the sum of five hundred dollars. By the same policy the furniture therein was also insured. At that time Baker was the owner of the property, real and personal, covered by the insurance, but the real estate was subject to a mortgage to one Caldwell. The policy contained a provision to the effect that it should become void if the property insured be conveyed without the assent in writing of the insurer. January 7, 1898, while the policy was in force, Baker conveyed the real estate to his wife, Dorothy A. Baker, but the policy was never assigned, and no notice was given to the insurance company or its agent, of this conveyance. On January 8, 1898, Mrs. Baker mortgaged the premises to Richmond L. Melcher, the plaintiff, and on August 2, 1899, during the period of time covered by the insurance policy, the dwelling-house was entirely destroyed by fire.

At the time of the fire, therefore, Baker had an unexpired policy of insurance, but had entirely parted with his title to the property

insured; Mrs. Baker owned the property, subject to a mortgage, and the plaintiff held a mortgage upon the property given by Mrs. Baker after the conveyance from her husband to her.

It is clear, from the foregoing statement, that the policy of insurance, so far as it covered the dwelling-house, had become void prior to the loss by the conveyance of the property without the knowledge or consent of the insurance company, and without the assignment of the policy. Neither the husband, the wife, nor the mortgagee could maintain an action upon the contract of insurance to recover for the loss of the property insured, because the person with whom the contract of insurance was made had ceased to own the property, while the owner and the mortgagee were not insured. *Richmond* v. *Phoenix Assurance Company*, 88 Maine, 105. And the policy was equally avoided although the conveyance by the insured was to his wife. *Clark* v. *Dwelling-House Insurance Co.*, 81 Maine, 373.

But this action is not brought by the insured, nor by the owner of the equity of redemption, upon the policy, but by Melcher, the mortgagee, to recover upon a promise alleged to have been made by the defendant corporation to pay him the sum of $400 made after the destruction of the buildings by fire, and, to quote from the declaration, "after due investigation of the plaintiff's claim, in order to settle and compromise the same, and to avoid litigation, and in consideration of the said plaintiff's promise to forbear to sue, and to forever relinquish and release to the said defendant company all his right of action by reason of the same." Which offer, it is alleged, was accepted by the plaintiff, who thereafter forebore to commence an action upon the policy.

The case comes to the law court upon report. It appears from the testimony that shortly after the fire the plaintiff wrote a letter to the defendant's agent, notifying him of the loss by fire, and saying: "Now I hold a mortgage on the place and Baker wishes the insurance to be paid to me. I simply write you so that you can act accordingly." The agent replied to this, acknowledging the receipt of the letter, and said: "This loss will not be paid until the mortgagee joins in the receipt for the insurance. I will see that you are protected in it." It is evident that, at the time this letter was

written, the agent had no knowledge of the transfer of the property from the insured to his wife, nor of the mortgage from the latter to the plaintiff. On September 4, 1899, the agent replied to another letter of the plaintiff, in which reply he said: "When I went to settle this loss I found that Mr. Baker had deeded the property to his wife a year ago last January, and she in turn had mortgaged it to you, without transferring the policy from Mr. Baker, or making the policy payable to you in case of loss. Now this left Mr. Baker without any insurance except on his personal property. The conveyance of this property to his wife, of course vitiates the policy without transferring it." He goes on in this letter to say that he had submitted the facts to the company and asked to be allowed to settle the loss, and said that he had no doubt that his request would be granted. On September 25, 1899, the agent again wrote the plaintiff, saying: "I have received word from the company that insured Mr. Baker's building, that, under the circumstances, they would pay what they considered the actual cash value of these buildings at the time of the fire, that is, that the actual cash (value of the) buildings at the time of the fire was $400 and they will pay that on the building. If this is satisfactory to you please advise me and I will come to Andover and close it up. The company denied any liability under the circumstances, but I made the suggestion to them that they should protect your mortgage and they have decided to do it, which I think myself is very liberal." Further correspondence and communication, orally and by telephone, followed between the plaintiff and the agent of the insurance company, from which it appears that the plaintiff sought to have the company pay the remaining one hundred dollars, and that the agent was making efforts to have the company assent to this. Later the matter was put into the hands of counsel by Mr. and Mrs. Baker and by the plaintiff, with full authority to adjust this matter in any way that seemed best to him, and on October 11, 1899, this counsel saw the insurance agent and unconditionally accepted the offer to pay $400. But subsequently the offer was withdrawn.

The question is as to whether or not there was any consideration for this promise. The plaintiff's contention is as shown by his

declaration, that the offer was made and accepted as a compromise of the plaintiff's claim against the company. It is abundantly well settled that the compromise of a doubtful claim is a sufficient and valid consideration for a promise to pay money for the settlement of such claim. It is immaterial upon which side the right ultimately proves to be, provided the parties believe, at the time of the compromise, that there is a doubtful question involved, and, for the purpose of settling the dispute and of preventing litigation, one of the parties to the controversy promises to pay a sum of money in compromise of such doubtful claim, which offer is accepted by the other party.

But in order for such a compromise to constitute a sufficient consideration for the promise, it is necessary that the parties should at least have supposed, at the time of the compromise, that the validity of the claim made was doubtful, either because of a question as to what facts might be susceptible of proof, or of a doubt as to the law applicable thereto. The claim must be one that is made in good faith, with a belief by the claimant that there is some chance of its successful enforcement. The surrender of a mere groundless claim, which is known by both parties to be unenforceable, is not a sufficient consideration. This limitation of the rule is recognized by all the decisions upon the subject, a few of which only we cite. *Allis* v. *Billings*, 2 Cush. 25; *Kidder* v. *Blake*, 45 N. H. 330; *Pitkin* v. *Noyes*, 48 N. H. 294, 97 Am. Dec. 615; *Bellows* v. *Sowles*, 55 Vt. 391, 45 Am. Rep. 621; *Smith* v. *Farra*, 21 Oregon 395, 20 L. R. A. 115.

In this case we do not think that the offer relied upon by the plaintiff was made for the purpose of effecting a compromise, or that there was any doubt whatever as to the claim made by the plaintiff against the insurance company, if he made any claim. The plaintiff could not have supposed that he had any chance of successfully maintaining a suit against the company upon the contract of insurance. It cannot be believed that, under the circumstances of this case, he would have commenced any action against this company, if the offer had not been made. We do not think that he made any claim to recover the insurance, as a matter of legal right. He simply sought

a gratuity from the company because of the fact of the previous insurance. Nor could the insurance company have supposed in making this offer, that it was attempting to settle a doubtful claim. The company and its agent must have known that no claim could be enforced against it, and that there was no danger of its being involved in litigation. The first letter of the agent to the plaintiff, after he had become aware of the fact of the transfer of the property clearly states the fact, about which there was no question, that "the conveyance of this property to his wife, of course, vitiates the policy without transferring it." There is no suggestion in any of the correspondence that this was an offer of a compromise. Upon the contrary, the whole correspondence shows that the agent was endeavoring to get the company to pay, notwithstanding that there was no liability, and the offer made by the company, through its agent, was not to pay a sum of money for the sake of settling a claim about which there was any question or doubt, but to pay the full cash value of the property destroyed, according to its estimate of such value. The case does not come within the limitation to the rule, above stated, that the parties must at least have believed that there was some doubt as to the validity of the claim.

Under these circumstances, we are forced to the conclusion that the promise sued in the plaintiff's writ was not a binding and enforceable one, because it was made without any consideration whatever. According to the stipulation of the report, the entry will be,

*Judgment for defendant.*