Phillips v. Phillips.

ISAAC W. PHILLIPS v. JENNIE C. PHILLIPS.

No. 13,618. (76 Pac. 842.)

SYLLABUS BY THE COURT.

1. DIVORCE AND ALIMONY — *Omission of Date in Journal Entry.* The omission of the date of its rendition from the journal entry of a decree of divorce does not render such decree void by reason of the terms of section 5142, General Statutes of 1901.

2. ———— *Action in Kansas by Wife for Alimony—Divorce Granted Husband in Oklahoma—Res Judicata.* A wife brought her action for alimony in the district court of a county in this state under the provisions of our statute authorizing the maintenance of such an action for any of the causes for which a divorce may be granted. Subsequently the husband brought an action against the wife for a divorce in the county of his residence in the territory of Oklahoma. In this action the wife personally appeared and filed a cross-petition asking for a divorce and alimony, setting up as grounds therefor the same causes which she charged in her petition for alimony. The divorce action was tried before the action for alimony, and the court found the husband to be without fault and granted him a divorce upon the allegations of his petition. *Held*, that the wife could not thereafter maintain her action for alimony for the reason that the truth of her causes therefor had been decided against her by the Oklahoma court and was *res judicata*.

Error from Butler district court; G. P. AIKMAN, judge. Opinion filed May 7, 1904. Reversed.

*J. G. Hutchison*, for plaintiff in error.

*Buck & Spencer*, and *M. M. Suddock*, for defendant in error.

The opinion of the court was delivered by

CUNNINGHAM, J.: This was an action brought by the defendant in error against her husband, the plaintiff in error, in the district court of Butler county for the sole purpose of recovering alimony. The husband at the time resided in Grant county, Oklahoma. The

wife did not reside in Butler county, but her husband owned real estate there, which she caused to be attached. Subsequently to the bringing of this action the husband brought an action in the county of his residence against the wife for a divorce. The wife appeared and filed her answer and cross-petition, which contained allegations of extreme cruelty and gross neglect of duty on the part of the husband and prayed for a divorce and an allowance of alimony. The allegations of this cross-petition, as against the husband, were the same as those contained in the wife's petition in the action for alimony filed in Butler county. The Oklahoma case went to trial, and the court found that the wife had abandoned her husband and that he was without fault, and granted a decree of divorce upon the allegations of his petition, but reserved the question of property rights for the further and subsequent order of the court. By supplemental answer in the Butler county case the defendant set out the wife's answer and cross-petition in full and a copy of the decree rendered by the Oklahoma court. An unverified general denial was filed in reply.

Upon the trial of this action the defendant objected to the introduction of any testimony on the part of the plaintiff because she was estopped by the decree of the Oklahoma court from proving the facts alleged in her petition for alimony. Testimony in support of the plaintiff's petition, however, was received, whereupon the defendant offered the answer of the wife filed in the Oklahoma court and the decree rendered by that court, and they were admitted in evidence. This decree did not show the date of its rendition, and because of the absence of such date the court refused to consider it, holding that it was thereby rendered

absolutely void.   In announcing that conclusion the court used the following language :

"Well, I do not care to hear anything further so far as this decree is concerned.   I am satisfied that it is absolutely void.   The necessary thing under the law is the date on which it is rendered.   If the statute means anything at all it means that.   Now there is nothing in this decree to show when that six months will expire.   Of course, you allege in your answer that it was made on a certain date, but her reply denies that absolutely.   I am satisfied that the decree is absolutely void, so there will not be any use of wasting any further time on that proposition, and the court will find that the decree rendered by the district court of Oklahoma is void and of no effect."

Thereupon, the defendant declining to introduce any other evidence, the court upon the evidence on the part of the plaintiff adjudged that she had a right to recover alimony, and entered judgment therefor, decreeing the same to be a lien upon the attached real estate.

The questions arising upon this statement of facts which engage our attention are : (1) Did the court err in refusing to consider the decree of divorce and in holding it void ? (2) If it did, what would have been its effect had it been considered by the court? It cannot be that the court intended to hold, as a general proposition, that the omission of the date of its rendition from the journal entry of a judgment renders it void.   We conclude, rather, that it was referring to section 5142, General Statutes of 1901, which directs that "every decree of divorce shall recite the day and date when the judgment was rendered in the cause, and that the decree does not become absolute and take effect until the expiration of six months from said time," and held that, inasmuch as this statute required the de-

cree to recite the date of its rendition, without such date it would be void.   In the case of *Durland v. Durland*, 67 Kan. 734, 74 Pac. 274, this court had occasion to remark upon the object and purpose of this section, and there held, in substance, that it had but one object, and that was to prevent the divorced parties from remarrying within the inhibited term ; that for all other purposes the decree would take present effect.   It would necessarily follow that, for the purpose for which the defendant below introduced the decree, its efficiency nowise depended upon its date.

It is suggested that the court did not err in refusing to consider it in evidence because its verity was not sufficiently attested by certificates, as required by the statute.   However, the record shows that it was received in evidence, but the court refused to consider it simply and solely on one ground—that it was void, and not that it was not sufficiently attested.   Had it refused to permit its introduction because not properly authenticated, another question might have been presented, or the defendant might have been prepared to introduce a properly-authenticated copy or asked for a continuance to permit him to do so.   It is enough to say that the court did admit the decree in evidence, but refused to give it force for the one specific reason set out above, and hence we are called upon to pass on the sufficiency of that reason only.   We are clearly of the opinion that the reason assigned by the court for not considering the decree was erroneous, and that whatever weight this decree by its terms was entitled to should have been given it.

What would have been the result upon the action had the Oklahoma decree been considered valid by the trial court ?   The statute authorizing a proceeding by the wife for the purpose of obtaining alimony

from the husband (Gen. Stat. 1901, § 5144) says that such action may be brought "for any of the causes for which a divorce may be granted." In this proceeding the causes set up in the wife's petition for alimony were extreme cruelty and gross neglect of duty on the part of the husband. These were the identical causes contained in the wife's cross-petition in the Oklahoma court as grounds for granting her a divorce and alimony there. As a matter of law we must hold that the truth of them was litigated and determined by that court, it having full jurisdiction of the subject-matter and of the parties. That court determined that the husband was without fault; that is to say, it determined that the allegations upon which the wife depended in her action for alimony were untrue, and, if untrue, she could not prevail in this action to recover alimony. The matter upon the truth of which her right of recovery was based had become *res judicata* against her and could not be relitigated or inquired into again by the Butler county court. We need not stop to inquire what might have been the result had not the wife submitted herself to the jurisdiction of the Oklahoma court or had there pleaded the prior pendency of the case in Butler county. After that court had decided against her she could not be permitted to open up and relitigate these questions, even though they were pending in another forum at the time of the first adjudication; she submitted herself to the Oklahoma court and must abide its determination.

Our attention, however, is called to the fact that the Oklahoma court did not determine the question of alimony, but held that open for further investigation and subsequent conclusion, and that therefore the question of alimony was not *res judicata*, and the

Butler county court may proceed with its determination. The infirmity in this reasoning is that alimony may not be granted to a wife in an action brought solely for that purpose except upon adequate grounds therefor, and, of course, a court may not decree alimony in such action unless it find true the grounds relied upon; hence, the grounds relied upon here having been found untrue by the Oklahoma court, that question is *res judicata* in the Butler county court, and that court could not award alimony, the grounds therefor not being sustained. The question here is not what relief the Oklahoma court may later award the wife, but what relief she may obtain in this action. Alimony may be granted to a wife in an action brought for divorce, even though the wife be adjudged in fault; not so in one brought for alimony only.

Some other grave questions are presented in argument, but under our view, as above expressed, we find no necessity for considering them.

The judgment of the court below will be reversed, and the cause remanded with directions to proceed in accordance with this opinion.

All the Justices concurring.