No. 21,947.

THE FIRST NATIONAL BANK OF ELK CITY, *Appellee*, v. THE SPRINGFIELD FIRE & MARINE INSURANCE COMPANY, *Appellant*, and M. M. TYNAR and FRANCES C. TYNAR, *Appellees*.

### SYLLABUS BY THE COURT.

FIRE INSURANCE—*Loss Paid to Mortgagee—Right of Insurance Company to Subrogation.* In an action on a fire insurance policy, the insurance company, upon satisfaction of a judgment against it in favor of a mortgagee under a loss payable clause of the policy, is entitled to subrogation to the claims of the mortgagee, where it has a valid defense as against the assured.

Appeal from Montgomery district court; JOSEPH W. HOLDREN, judge. Opinion filed February 8, 1919. Reversed.

*Robert Stone, George T. McDermott,* and *H. O. Caster,* all of Topeka, for the appellant.

*Roy T. Osborn,* of Independence, for the appellee.

The opinion of the court was delivered by

PORTER, J.: The principal question to be determined is whether in an action on a fire insurance policy the insurance company, upon satisfaction of a judgment against it in favor of a mortgagee under a mortgage clause of the policy is entitled to subrogation to the claims of the mortgagee, where it has a valid defense as against the assured.

In September, 1916, the defendant issued to M. M. Tynar a policy insuring him against loss from fire in the sum of $700 on a livery and transfer barn in Elk City. The First National Bank of Elk City held a mortgage on the property to secure a debt owing to it from the assured and his wife, and the policy

contained a mortgage clause providing that any loss under the policy should be payable to the bank as its interest may appear, "subject to all the conditions of said policy." Subsequently, the Tynars moved to Barton county, and on February 19, 1917, Frances C. Tynar, the wife, was granted a divorce from M. M. Tynar, and the decree gave her the property covered by the insurance policy. Prior to the decree of divorce, and on April 16, 1917, the livery barn was totally destroyed by fire. The bank brought this suit in the district court of Montgomery county to recover for the loss under the mortgage clause. M. M. Tynar was made a defendant, and served with a summons, but made no appearance. Frances C. Tynar, his former wife, filed an answer and cross petition, in which she set up the decree of divorce and the fact that in lieu of alimony she was awarded the property, and alleged that on the 19th day of August, 1917, subsequent to the loss and damage by fire, the decree became absolute and the title to the property was confirmed in her; and she claimed to be entitled to any excess of the insurance over and above the amount of the bank's claim, and asked judgment for the cancellation of the note and mortgage and to recover the difference between the amount of the debt and the amount of the policy.

The answer of the insurance company admitted the divorce, but alleged that the company had no notice thereof or of any change of title or possession prior to the occurrence of th loss; and pleaded the provision in the policy that it should be void if any change other than death of the insured should take place in the interest, title, or possession of the property, "whether by legal process or judgment or by voluntary act of the insured, or otherwise." It alleged that the change of ownership and title was without knowledge of the company and in violation of the terms of the policy; that M. M. Tynar had no interest whatever in the property; and that Frances C. Tynar never sustained any contractual relations with the company. The answer also alleged that under the terms of the loss payable clause attached to the policy, the defendant became liable to the bank for the full amount of the mortgage debt, not exceeding the face of the policy, and became entitled in law and equity to be subrogated to the rights of the bank upon the payment of the amount due under the mortgage.

The court awarded the bank judgment against the insurance company for $682.72, and for $100 attorney's fees and costs. M. M. Tynar, who had filed no answer or appearance, was given judgment for $31.28, the remaining amount of the policy, and he and Frances C. Tynar were given judgment for the cancellation of their note and mortgage and for costs against the defendant. The court denied the insurance company subrogation to the bank's claim on the debt secured by the mortgage; and from this part of the judgment the company appeals.

No appeal was taken by any of the parties from the judgment in favor of the bank against the insurance company. No question was raised as to the amount of the Tynars' indebtedness to the bank on their mortgage. It appears that the insurance company has paid into court the money to discharge the judgment in favor of the bank.

The defendant's contention is that the payment being an involuntary one, made because of the compulsion of the judgment, and because the assured and Frances C. Tynar, the mortgagors, secured the benefit of it by the payment of their debt, it is entitled to subrogation for the reason that it owe nothing to them upon the policy. The change in interest and title to the property undoubtedly passed by legal process and the terms of the judgment in the action for divorce. The contention of Mrs. Tynar that there was no change in title or ownership until the decree of divorce became absolute, cannot be sustained. In *Durland v. Durland,* 67 Kan. 734, 74 Pac. 274, the effect of a decree of divorce adjusting property rights was considered, and in the syllabus it was ruled—

"Upon the rendition of a decree of divorce the relation of husband and wife no longer. exists between the parties to the suit, and if one of them should die within six months following the date of the decree the survivor would take no share of the property of the deceased under the statute of descents and distributions, by virtue of the former relationship." (syl. ¶ 3.)

The decision was followed and approved in *Phillips v. Phillips,* 69 Kan. 324, 76 Pac. 842, and *Johnson v. United Workmen,* 91 Kan. 314, 316, 317, 137 Pac. 1190. The sole purpose of the statutory provision that a decree of divorce shall not become absolute until six months after it is rendered is to prevent the parties from remarrying within that period. For

Oswald v. Railway Co.

all other purposes the decree takes effect the same as any other judgment. (*Phillips v. Phillips,* supra.)

The contract of insurance required that M. M. Tynar should have some interest in the property which would be injuriously affected by its destruction or injury through fire. Before the loss occurred he had parted with his interest and could not have maintained an action upon the policy. The controlling fact is that the insurance company had a sufficient defense against the right of either the assured or Mrs. Tynar to recover for any part of the loss, but the court found that it was liable to the bank by reason of the mortgage clause in the policy. It was under no obligation to the Tynars by virtue of the policy, but it has been compelled to pay their debt by virtue of the judgment in the bank's favor. Since neither of the Tynars could acquire any right to the insurance because the policy was void as to them, the company, having paid their debt, is entitled to the rights the bank acquired under the mortgage.

The judgment is reversed, and the cause is remanded for further proceedings in accordance with these views.