ARTHUR McARTHUR COMPANY *vs.* SIDNEY L. BEALS.

Suffolk.    December 6, 1922. — January 5, 1923.

Present: RUGG, C.J., DE COURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Attachment.    Constable.    Conversion.    Sale,* Conditional.

A constable, who by authority of a writ of attachment attaches goods which are in the possession of the defendant named in the writ under the provisions of a contract of conditional sale, the conditions of which had not been broken although the title remained in the vendor, acquires a special property in and a right to possession of the goods, which he can enforce not only against a stranger to the suit who disturbs that possession but also against the defendant in the writ of attachment who wrongfully interferes with the same.

Under the provisions of a contract of conditional sale of furniture, possession was given to the vendee but title remained in the vendor until all payments were made and all conditions of the contract were performed, and the vendee, if he suffered the furniture " to be attached," was to forfeit all rights thereto. One who brought an action against the vendee caused a constable, under a writ of attachment issuing therein, to attach the goods at a time when there was no breach of the contract of conditional sale and to place them in storage in the charge of a keeper in a building in the control of such plaintiff, after which the vendor demanded the goods of such plaintiff and he refused to deliver them. *Held,* that an action of tort for conversion of the goods could not be maintained by the vendor against such plaintiff.

TORT for conversion of furniture.    Writ in the Municipal Court of the City of Boston dated March 16, 1921.

Material evidence at the trial in the Municipal Court is described in the opinion.    The judge found for the defendant, and, at the request of the plaintiff, reported the case to the Appellate Division, who dismissed the report.    The plaintiff appealed.

*S. A. Dearborn,* for the plaintiff.

*P. Nichols,* for the defendant, submitted the case without argument or brief.

PIERCE, J.    This is an action of trover for the alleged conversion of one dressing table and rocker.

The defendant in this action, as plaintiff in an action against one Mary Magaw placed the writ in the hands of a constable with directions to attach the "goods and furniture of the defendant" if they are put out of 851 Beacon Street "and put them

in storage if she does not direct what she wants done with them." The goods and furniture were put out and the constable attached them. He then asked Mrs. Magaw what she wanted done with them. She replied that she wanted them returned to the house as some of them did not belong to her. The constable placed them in storage in a room to which he retained the key, in a house under the control of the defendant.

Among the goods attached were the dressing table and rocker. These articles had been sold, by the plaintiff in this action, to Mrs. Magaw, under a conditional bill of sale which contained the following conditions: "If I fail to pay said rent as above stipulated or if I remove said articles from said place or sell them or suffer them to be attached, mortgaged, damaged or injured, I thereby forfeit all rights to the said goods or the further use of the same and to all monies paid . . . It is expressly understood and agreed that the title to each and all of the above goods and articles remains in said McArthur company and they remain absolute owners of all of the same until the full price for all the goods is fully paid." When the articles described in the present writ were attached there was no breach of the conditional sale agreement. It follows that the constable by the attachment on mesne process acquired a special property in and a right to possession of the goods, which he could enforce not only against any stranger to the suit who disturbs that possession but against the defendant in the writ of attachment who wrongfully interferes with the same. *Brownell* v. *Manchester*, 1 Pick. 232. *Badlam* v. *Tucker*, 1 Pick. 389. The goods when placed in storage in the charge of a keeper remained in the possession of the constable, notwithstanding the fact that the defendant was in control of the building.

There is nothing in the evidence reported to sustain a finding that the attachment and the directions as to the storage of the attached goods in themselves constituted a conversion within the decision of *Robinson* v. *Way*, 163 Mass. 212, and cases cited. The right of Mrs. Magaw and the rights of all persons claiming thereunder were determined by the attachment. On demand the plaintiff then became entitled to the immediate possession of the property held by the constable under the writ of attachment, and a refusal of the constable to deliver the goods on such a demand would have been sufficient to constitute a conversion of them.

The demand upon the defendant who was never in possession of the goods, and his refusal to deliver them to the plaintiff, were not a conversion.

The order "Report dismissed" is affirmed.

*So ordered.*