IN THE

# SUPREME COURT

OF THE

## STATE OF IDAHO.

(July 27, 1926.)

MARK COFFIN, Surviving Partner of the Copartnership of COFFIN & BEGLAN, Appellants, v. NORTH-WESTERN MUTUAL FIRE ASSOCIATION, a Corporation, Respondent.

[249 Pac. 89.]

CONDITIONAL SALES CONTRACT—TITLE OF BUYER — DIVORCE — PROPERTY RIGHT OF MARITAL COMMUNITY — INSURANCE—CHANGE OF OWNERSHIP AVOIDS POLICY.

1. Buyer, under conditional sales contract, acquires a property right in the article, and not a mere contract right.

2. Though buyer, a married man, under conditional sales contract, was in default, no forfeiture having been declared, the community had a property right which decree of divorce could award to wife.

3. Decree of divorce awarding to wife an automobile would, as between the parties, include whatever interest the husband had in the machine under conditional sales contract.

4. Conditional sellers being mere appointees under loss payable clause of policy issued to conditional buyer, their right thereunder is measured by his, so that his interest in insured article being transferred to his wife, and his right thus extinguished, they as his assignees cannot recover on it.

5. Change of ownership of interest in automobile by award thereof to insured's wife in divorce decree avoids the policy.

Publisher's Note.

1. See 24 R. C. L. 496.

5. See 14 R. C. L. 1114.

See Divorce, 19 C. J., p. 331, n. 98 New; p. 339, n. 9–44 New.

Fire insurance, 26 C. J., sec. 296, p. 238, n. 84; sec. 345, p. 274, n. 94 New.

Sales, 35 Cyc., p. 653, n. 46; p. 668, n. 22, 22 New; p. 671, n. 40; p. 697, n. 21; p. 706, n. 8; p. 707, n. 9; p. 711, n. 60.

APPEAL from the District Court of the Third Judicial District, for Ada County. Hon. M. I. Church, Judge.

Action on policy of insurance. Judgment for defendant. *Affirmed.*

John Jackson and Reddoch & Hunter, for Appellants.

Matthews, the insured, having purchased the automobile from appellants under a title retaining note, until the full purchase price was paid, obtained a mere incipient right to acquire title upon the making of his payments, and all payments not having been made at the time of the rendition of the divorce decree, the community of Matthews and wife had "acquired" no title, and the court's decree awarding the automobile to Elma Matthews was a nullity. (31 C. J. 44, note 45; C. S., secs. 4650, 4656, 4659, 4660, 4666; *Richard v. Moore,* 110 La. 435, 34 So. 593; *McAlister v. Hutchison,* 12 N. M. 111, 75 Pac. 41; *Sauvage v. Wauhop* (Tex. Civ. App.), 143 S. W. 259; *Creamer v. Briscoe* (Tex. Civ. App.), 107 S. W. 635; *Bishop v. Lusk,* 8 Tex. Civ. App. 30, 27 S. W. 306; *Webb v. Webb,* 15 Tex. 274; *White v. Waite,* 47 Vt. 502; *Tieton Hotel Co. v. Manheim,* 75 Wash. 641, 135 Pac. 658; *Converse v. La Barge,* 92 Wash. 282, 158 Pac. 958; *Mattinson v. Mattinson,* 128 Wash. 328, 222 Pac. 620; *Empire State Surety Co. v. Ballou,* 66 Wash. 76, 118 Pac. 923; *Wingard v. Wingard,* 56 Wash. 389, 105 Pac. 834, 25 L. R. A., N. S., 453.)

Matthews having purchased under a conditional sale note, acquired nothing which he could convey, or which could have been reached by execution or attachment. (3 Am. & Eng. Ency. of Law, 1st ed., 436; 6 Am. & Eng. Ency. of Law, 2d ed., 486, 487; 24 R. C. L. 455, sec. 752; Williston on Sales, secs. 324–326; *Harkness v. Russell,* 118 U. S. 663, 7 Sup. Ct. 51, 30 L. ed. 285; *Mark Means Transfer Co. v. Mackinzie,* 9 Ida. 165, 73 Pac. 135; *Kester v. Schuldt,* 11 Ida. 663, 85 Pac. 974; *Lippincott v. Rich,* 19 Utah, 140, 56

Pac. 806; *Silver Bow M. & M. Co. v. Lowry,* 6 Mont. 288, 12 Pac. 652.)

Appellants not having been made parties to the case of *Matthews v. Matthews,* were not bound by the decree. (*Galpin v. Page,* 18 Wall. (U. S.) 350, 21 L. ed. 959; *Old Wayne Mut. Life Assn. v. McDonough,* 204 U. S. 8, 27 Sup. Ct. 236, 51 L. ed. 345; *Baldwin v. Brown,* 193 Cal. 345, 224 Pac. 462.)

Witness fees should not be allowed, when the testimony offered is not the best evidence, based upon hearsay and one of the witnesses not even called to the stand. (*Bechtel v. Evans,* 10 Ida. 147, 77 Pac. 212; *Griffith v. Montandon,* 4 Ida. 75, 35 Pac. 704.)

E. C. Boom, for Respondent.

The insurance contract alone is the measure of the respective rights of the parties thereto. (26 C. J., p. 71, note 10, and cases cited.)

Appellants are not parties to said contract, but merely appointees, and their rights are dependent upon rights of insured. (1 Cooley, p. 790; *Woods v. Insurance Co. of Penn.,* 82 Wash. 563, 144 Pac. 650, 652, 653; *Williams v. Pioneer Co-op. Fire Ins. Co.,* 183 App. Div. 826, 831, 171 N. Y. Supp. 353; *East Side Garage Co. v. New Brunswick F. Ins. Co.,* 198 App. Div. 408, 190 N. Y. Supp. 634.)

Insured must have insurable interest not only at time policy issues, but at time of loss. (1 Cooley on Insurance, p. 216.)

In absence of proof, there is conclusive presumption that vendor under conditional sale waived right to forfeit buyer's interest; mere failure to pay does not, *ex proprio vigore,* effect forfeiture. (*Leaf v. Reynolds,* 34 Ida. 643, 203 Pac. 458; *Wheeler & Wilson Mfg. Co. v. Teetzlaff,* 53 Wis. 211, 10 N. W. 155; *Teter v. Thompson,* 57 Cal. App. 329, 207 Pac. 260; *Lacey v. Great No. Ry. Co.,* 70 Mont. 346, 38

A. L. R. 1331, 225 Pac. 808; *Pease v. Teller Corp.*, 22 Ida. 807, 128 Pac. 981.)

Buyer's interest under conditional sale, before default, or after default waived, is defeasible interest, which may be sold, mortgaged or transferred by judicial decree. (*Newhall v. Kingsbury*, 131 Mass. 445; Williston on Sales, 2d ed., secs. 326–332; *Cable Co. v. Wasegizig*, 130 Mich. 387, 90 N. W. 24; *Mosby v. Goff*, 21 R. I. 494, 44 Atl. 930; Burdick on Sales, sec. 309; *Coniglio v. Connecticut Fire Ins. Co.*, 180 Cal. 596, 5 A. L. R. 805, 182 Pac. 275; 24 R. C. L. 496–499.)

Community of husband and wife acquired defeasible interest under conditional purchase by husband, which can be decreed to wife on divorce. (*Bannock N. Bank v. Automobile Acc. Com.*, 37 Ida. 787, 219 Pac. 200; *Ihrke v. Continental Life Ins. & Inv. Co.*, 91 Wash. 342, 157 Pac. 866; *Converse v. La Barge*, 92 Wash. 282, 158 Pac. 958.)

Decree in divorce, awarding buyer's defeasible interest under conditional sale to wife, as her separate property, terminates interest of husband who was insured, and violates "change of interest" clause in insurance contract. (*Elk City First Nat. Bank v. Springfield Fire Ins. Co.*, 104 Kan. 278, 178 Pac. 413; *Strombald v. Hanover F. Ins. Co.*, 121 Misc. Rep. 322, 201 N. Y. Supp. 67; *Baldwin v. Phoenix Ins. Co.*, 60 N. H. 164; *Melcher v. Insurance Co. of Penn.*, 97 Me. 512, 55 Atl. 411; *Home Fire Ins. Co. v. Collins*, 61 Neb. 198, 85 N. W. 54; *Langdon v. Minn. Farmers' Mut. Fire Ins. Assn.*, 22 Minn. 193; *Farmers & Merchants' Ins. Co. v. Jensen*, 56 Neb. 284, 76 N. W. 577, 44 L. R. A. 861; *Walton v. Agricultural Ins. Co.*, 116 N. Y. 317, 22 N. E. 443, 5 L. R. A. 677; *Trabue v. Dwelling House Ins. Co.*, 121 Mo. 75, 42 Am. St. 523, 25 S. W. 848, 23 L. R. A. 719; *Sherwood v. Agricultural Ins. Co. of Watertown*, 73 N. Y. 447, 29 Am. Rep. 180; *Burbank v. Rockingham Mut. F. Ins. Co.*, 24 N. H. 550, 57 Am. Dec. 300; *Hine v. Woolworth*, 93 N. Y.

75, 45 Am. Rep. 176; *Finley v. Lycoming Co. Mut. Ins. Co.,* 30 Pa. 311, 72 Am. Dec. 705.)

Fact that witness in attendance on trial is not called to testify, does not defeat right to fees, where proper showing is made. (*Griffith v. Montandon,* 4 Ida. 75, 35 Pac. 704; *Bechtel v. Evans,* 10 Ida. 147, 77 Pac. 212; *Delay v. Foster,* 34 Ida. 691, 203 Pac. 461.)

BAUM, Commissioner.—The appellants in 1921 sold to Harry F. Matthews, an automobile, for $1,810, receiving $850 in cash and a conditional sales contract, or title note, reserving title in the seller until all payments were made. The balance, as evidenced by the note, was payable on or before September 6, 1922, in instalments of $75 per month. The contract among other things provided as follows:

"That should the maker . . . hereof fail to make any of the payments specified herein when due, or sell or agree to sell or dispose of said property or any interest therein . . . . without the written consent of said payees, payees may at their option declare this note immediately due and payable and may take possession. . . . . "

The last payment made by Matthews to apply on the purchase price was on March 14, 1922, and although Matthews was in default, the appellants did not declare a forfeiture of his interest, nor did they take any other affirmative action by reason of default in payments.

On March 28, 1922, Elma Matthews sued her husband for divorce, alleging extreme cruelty, and praying for a decree awarding to her all the community property, which included the automobile.

On October 3, 1922, the respondent, Northwestern Mutual Fire Association, issued to Harry F. Matthews, a policy insuring him from loss against fire, transportation, theft and lightning, for a year commencing September 28, 1922, in the sum of $1,000 on the car aforesaid. Attached to the policy was the following clause:

"Subject to all the terms and conditions of this policy, loss if any payable to Coffin & Beglan, of Boise, Idaho, as their interest may appear, otherwise to the insured.

Shortly after the issuance of the policy and on October 30, 1922, Matthews not having appeared in the divorce proceedings, his default was entered, and findings of fact, conclusions of law and judgment, were made and entered, wherein and whereby there was awarded and set over to Elma Matthews, as her sole and separate property the car aforesaid, and other property. No notice of the divorce or change of interest was at any time given to the insurance company.

On January 17, 1923, at Boise, the car was stolen.

Thereafter, and on June 12, 1923, the appellants brought this suit against the insurance company to collect the loss under said policy, Matthews having assigned to appellants whatever interest he had thereunder.

The insurance company answered, admitting purchase of the car by Matthews, retention of title by appellants, issuance of the policy, and proof of loss, but alleged that it had no notice of the divorce, or of any change of interest prior to the loss. The answer set out a provision of the policy, that it should be void:

" . . . . in case of transfer or termination of any interest of the insured other than by the death of an insured, or any change in the nature of the insurable interest of the insured in the property described herein, either by sale or otherwise."

Further, that by reason of the divorce decree, the interest of the insured in and to the property had terminated, without the knowledge or consent of the insurance company, and that at the time of the theft, insured had no interest in the property, and that at the time of the loss Elma Matthews had no contractual relations with the insurance company.

Appellants demurred generally to said affirmative defense, and said demurrer was by the court denied and overruled.

On November 15, 1923, the case came on for trial before the court and a jury. After plaintiffs had proved the material averments of their complaint and rested, the defendant introduced in evidence the judgment-roll in the divorce case. Both sides having rested defendant moved for an instructed verdict which was granted by the court, and judgment for the defendant was thereafter on November 16, 1923, made, entered and filed, from which judgment and an order allowing costs in favor of respondent, the appellants appeal.

Appellants maintain that under the statutes of this state the community of husband and wife is a legal entity, separate and distinct from the separate estate of the respective spouses; that title must vest in the community created by the marriage before the court acquires jurisdiction, upon a dissolution of the marriage, to award or decree community property; that no jurisdiction vested in the district court entering the decree dissolving the marriage between Matthews and his wife to award the automobile to Elma Matthews for the reason that the community of Matthews and wife acquired no title or interest, and therefore nothing to decree.

[1] A vendee under a conditional sales contract acquires not only the right of possession and use, but the right to become the absolute owner upon complying with the terms of the contract; these are rights of which no act of the vendor can divest him. If a vendor of property conditionally sold, wrongfully takes possession of the property the purchaser may recover the value thereof less the amount due.

The essential incidents of property are transferred to the vendee, along with possession and right of use of the property, as if the property were his own, and all that remains is the debt, and the title to the property as security.

Risk of loss should properly fall upon the party who has the beneficial incidents of title. The weight of authority is

to the effect that if there is a loss or destruction of the property, while in the possession of the vendee, the loss is the buyer's and not the seller's. The amount remaining unpaid under the conditional sale contract is still due the seller.

A seller does not simply contract that the buyer shall have possession, but he actually delivers possession, and such possession is delivered, not to hold the goods for the seller, but to use it as the buyer's own, and if the purchaser defaults, the seller may retake the property in the manner specified in the contract or elect to treat the sale as an absolute one, and sue for the remaining amount due of the purchase price.

The buyer acquires more than a contract right, namely a property right.

A creditor of the conditional vendee may attach the interest of the buyer, pay the portion of the price remaining due and by doing so acquire the right to treat the full ownership as belonging to the buyer. Of course, the buyer must not be in default. The creditor succeeds only to the buyer's rights.

The following authorities are cited in support of the foregoing statements: 1 Williston on Sales, 2d ed., p. 754, sec. 326; *Leaf v. Reynolds,* 34 Ida. 643, 203 Pac. 458; *Pease v. Teller Corporation, Ltd.,* 22 Ida. 807, 128 Pac. 981; Jones on Chattel Mortgages, sec. 11 et seq.; *Dame v. C. H. Hanson & Co.,* 212 Mass. 124, Ann. Cas. 1913C, 329, 98 N. E. 589, 40 L. R. A., N. S., 873; *Hollenberg Music Co. v. Barron,* 100 Ark. 403, Ann. Cas. 1913C, 659, 140 S. W. 582, 36 L. R. A., N. S., 594; *Chicago Equipment Co. v. Merchants Bank,* 136 U. S. 268, 283, 10 Sup. Ct. 999, 34 L. ed. 349; *Harley & Willis v. Stanley,* 25 Okl. 89, 138 Am. St. 900, 105 Pac. 188; *Hervey v. Dimond,* 67 N. H. 342, 68 Am. St. 673, 39 Atl. 331; *Arthur McArthur Co. v. Beals,* 243 Mass. 449, 137 N. E. 697.

[2] The appellants had not declared a forfeiture of the buyer's rights. It necessarily follows that the community

of Matthews and wife had more than a contract right, namely; a property right, a substantial and beneficial right, and the court entering the divorce decree had jurisdiction to award the property to the wife.

[3] The decree dissolving the marriage between Harry F. Matthews and Elma Matthews, and awarding the property to the latter is not aptly worded, as it awards to the prevailing party "One Hupmobile automobile 1921. . . . . " Certainty would have been added to the decree if the use and possession and the right to pay the amount remaining due under the conditional sales contract had been granted to Elma Matthews, subject of course, to the further provision, that such order was made without prejudice to the rights of the contract holder. The words used are quite broad and comprehensive and being so, as between the parties themselves, would include whatever interest Matthews had, even though less than actual title.

[4] Appellants were mere appointees under the policy and their right is measured by the rights of Matthews. Matthews' interest was transferred to his wife; his right was extinguished; hence, as assignees of Matthews, appellants cannot recover. (*Hill v. International Indemnity Co.,* 116 Kan. 109, 38 A. L. R. 362, 225 Pac. 1056 (and cases therein cited); *Phoenix Insurance Co. v. American Trust and Savings Bank* (Tex. Civ. App.), 248 S. W. 819; *Woods v. Insurance Co. of the State of Penn.,* 82 Wash. 563, 144 Pac. 650; *Burns v. Alliance Co-operative Insurance Co.,* 103 Kan. 803, 176 Pac. 985.)

[5] The remaining question is: Was the change of ownership such as to avoid the terms of the policy? The great weight of authority is to the effect that such a change as was had in the instant case was sufficient. (*First National Bank of Elk City v. Springfield Fire & Marine Insurance Co.,* 104 Kan. 278, 178 Pac. 413; *Melcher v. Insurance Co. of Penn.,* 97 Me. 512, 55 Atl. 411; *Farmers & Merchants*

*Ins. Co. v. Jensen,* 56 Neb. 284, 76 N. W. 577, 44 L. R. A. 861; Id., 58 Neb. 522, 78 N. W. 1054, 44 L. R. A. 861.)

The last assignment deals with costs allowed the respondent. The showing made by respondent was sufficient to come within the rule announced by the court in the case of *Griffith v. Montandon,* 4 Ida. 75, 35 Pac. 704.

I recommend that the judgment be affirmed.

Wm. E. Lee, Givens and Taylor, JJ., concur.

PER CURIAM.—The foregoing is hereby adopted as the opinion of the court. The judgment is affirmed. Costs are awarded to respondent.

Petition for rehearing denied.

BUDGE, J., Dissenting.—Matthews, the conditional buyer, having the right of possession, had an insurable interest. (*Quinn v. Parke & Lacy Machinery Co.,* 5 Wash. 276, 31 Pac. 866.)

The contract between Matthews and Coffin & Beglan was by its terms an unqualified agreement upon the part of Matthews to buy the automobile and an absolute contract upon the part of Coffin & Beglan to sell the automobile to him, conditioned only upon the payment of the purchase price according to the terms of the contract. (*Phenix Ins. Co. v. Hilliard,* 59 Fla. 590, 138 Am. St. 171, 52 So. 799.) The policy of insurance was therefore enforceable as against the insurance company in the absence of title to the automobile being in Matthews. Possession gave to Matthews an insurable interest in the automobile by reason of which, in case of loss by theft or fire, etc., he could collect upon the policy.

To defeat the policy the insurance company set up and relies upon the provision contained therein that it should be void:

"in case of transfer or termination of any interest of the insured other than by the death of an insured, or any change in the nature of the insurable interest of the insured in the property described herein, either by sale or otherwise,"

The question therefore arises, did the insured, Matthews, have such an interest in the automobile, at the time the divorce was granted, which the court had jurisdiction to award to another? It is conceded that Matthews had no title, title being in Coffin & Beglan, who had no knowledge of the divorce proceedings and were not made parties to the action. The decree of divorce, however, awarded the property, title to which was in Coffin & Beglan, to Matthews' former wife. The court did not decree to her Matthews' right of possession, but gave her the absolute property in the automobile, title to which was in Coffin & Beglan. In other words, the court very generously gave to Matthews' former wife property that did not belong to Matthews, to which he had no title, and because the court awarded to her the property of Coffin & Beglan the majority opinion holds that, under the foregoing provision in the insurance policy, there was such a change of possession that the policy became null and void.

The primary rights of the buyer under a conditional sale contract have been defined as follows: The buyer shall have the right when not in default to retain possession of the goods, and he shall also have the right to acquire the property in the goods on the performance of the conditions of the contract. In other words, he has the right to possession when not in default even though the purchase price is not paid, and he has a right to acquire the title as well as a right of action for breach of the contract on the part of the seller.

Broadly stated, a conditional sale contract means any contract for the sale of goods under which possession is delivered to the buyer, and a property in the goods is to

vest in the buyer at a subsequent time upon payment of the purchase price.

I am of the opinion that the case of *Pease v. Teller Corporation, Ltd.*, 22 Ida. 807, 128 Pac. 981, is decisive of this case. In the course of that opinion this court said:

"In this contract the seller reserves the title to the property until payment is made by the purchaser, when the title passes from the seller to the purchaser and the contract of sale is completed; but until such payment is made, the contract is conditional, and there is no sale of the property but only an agreement for sale. The sale can only be completed by payment or by an election to collect the purchase price."

Now, clearly, under the principle above announced, Coffin & Beglan reserved the title to the automobile until payment was made by Matthews of the purchase price. The majority opinion, however, holds in effect that the title to the property passed to Matthews' former wife, although it is conceded that the purchase price was not paid.

In *Neitzel v. Lawrence*, 40 Ida. 26, 231 Pac. 423, the following language is used in the course of the opinion, quoting from *Harkness v. Russell*, 118 U. S. 663, 7 Sup. Ct. 51, 30 L. ed. 285:

' "It is only necessary to add that there is nothing either in the statute or adjudged law of Idaho to prevent, in this case, the operation of the general rule, which we consider to be established by overwhelming authority, namely, that, in the absence of fraud, an agreement for a conditional sale is good and valid, as well against third persons as against the parties to the transaction; and the further rule, that a bailee of personal property cannot convey the title, or subject it to execution for his own debts, until the condition on which the agreement to sell was made has been performed.' "

Matthews, being but a bailee of the automobile, was powerless to convey title thereto to his wife or to any other person, or to subject the automobile to the payment of his

own debts, but the court in its decree attempted to convey to Matthews' former wife the whole title to the automobile, hereby abrogating the contract between Matthews and Coffin & Beglan.

In *First Nat. Bank v. Springfield Fire & Marine Ins. Co.,* 104 Kan. 278, 178 Pac. 413, an action upon a fire insurance policy, the answer of the insurance company admitted the divorce, but alleged that the company had no notice thereof, or of any change of title or possession prior to the occurrence of the loss, and pleaded the provision in the policy that it should be void if any change other than death of the insured should take place in the interest, title or possession of the property, "whether by legal process or judgment, or by voluntary act of the insured, or otherwise." As in the instant case, it was alleged that the change of ownership and title was without knowledge of the company and in violation of the terms of the policy. In the course of the opinion the court, in quoting from *Durland v. Durland,* 67 Kan. 734, 74 Pac. 274, 63 L. R. A. 959, said it was ruled in that case that:

" 'Upon the rendition of a decree of divorce, the relation of husband and wife no longer exists between the parties to the suit, and if one of them should die within six months following the date of the decree the survivor would take no share of the property of the deceased under the statute of descents and distributions, by virtue of the former relationship.' "

When the court in the instant case granted the decree of divorce, the relationship of husband and wife no longer existed between Matthews and his former wife. Matthews had no title to the automobile, but a right to acquire that title, and if he had subsequently acquired the title, in the absence of specific conditions contained in the decree, Matthews' former wife would not have received title to the automobile, or any other after-acquired property of Matthews. The decree did not provide that Matthews was to carry out the con-

tract with reference to the purchase of the automobile and thereby acquire title thereto; neither did it provide that his former wife should be substituted to his right to carry out the contract and thereby acquire title to the automobile,—assuming, but not admitting, the authority of the court to substitute parties to the contract,—but the decree gave to the former wife of Matthews the title to the automobile, thereby annulling the contract between Matthews and Coffin & Beglan, taking the property of the latter, title to which was in them without adding any conditions, and turning it over absolutely, burdened with no obligations, to Matthews' former wife, which was clearly without and beyond the jurisdiction of the court. It is not a sufficient justification for depriving the owners of property of that property to say that the decree of divorce was not aptly worded, in that it awarded to Matthews' former wife "one Hupmobile automobile 1921," and for this court to add to the lower court's decree that the use and possession and the right to pay the amount remaining due under the conditional sale contract had been granted to Matthews' former wife, when the decree makes no such provision.

To my mind the defense of the insurance company is untenable. It admits the theft of the car, the proof of loss, the rider attached to the contract, which became one of its conditions, that if the car should be lost by theft the insured should be paid the amount stipulated in the policy "subject to all the terms and condition of this policy, loss if any payable to Coffin & Beglan, of Boise, Idaho, as their interest may appear, otherwise to the insured"; and it is also admitted that Matthews assigned the policy to Coffin & Beglan. That Matthews could have collected upon the policy, there is no question, which being true, the right of Coffin & Beglan to collect should be upheld.

It may be suggested here also that the record fails to disclose any valid service of summons made upon Matthews in

the divorce proceedings.   Query: Did the court have juris-
diction to enter the decree at all?

.William A. Lee, C. J., concurs in this dissenting opinion.