EDITH A. MERRIMAN *vs.* ALVAH R. THOMAS.

Cumberland.       Opinion, March 2, 1935.

*Sherman I. Gould,*
*Charles H. Shackley,* for plaintiff.
*Joseph A. Aldred,*
*Ellis L. Aldrich,* for defendant.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, THAXTER, HUDSON, JJ.

STURGIS, J. Action on a promissory note. Plea of the general issue with a brief statement setting up payment. The case was heard at *nisi prius* by the Court without a jury and with the right of exceptions to matters of law duly reserved. The presiding Justice, finding that a partial payment had been made, gave credit therefor and ordered judgment for the plaintiff for the balance due on the note. The plaintiff filed exceptions.

The note in suit was given on account of the purchase price of certain real estate which the plaintiff conveyed to the defendant by warranty deed. By mutual mistake, a parcel of land known as "The Middle Field," which the plaintiff did not own, was included in the description in this deed. Later, the defendant, using the same description, conveyed the property by warranty deed to one Edith G. Rush and, after her death, her devisee, discovering that he had no title to "The Middle Field," made demand on the defendant for damages for the breach of his covenant of warranty and the claim was paid. The defendant thereupon demanded damages from the plaintiff for the breach of her covenant of warranty and, in settlement of this claim, she credited the defendant with $600 on his note and gave him a receipt therefor. In this action, in disregard of that settlement, the plaintiff seeks to recover the full amount of the note.

The Court found that, although the defendant did not have a legal claim against the plaintiff for a breach of warranty, they both, acting in good faith, believed that he did have such a claim and a credit of $600 upon the note in suit was given in settlement thereof. The credit was accordingly allowed the defendant under his plea of payment in this suit, and judgment was ordered for the

plaintiff for $12.50, the amount of the interest accrued at the time the credit was given.

As the case comes forward, the findings of fact by the presiding Justice are conclusive. This is conceded. The ruling that the defendant did not have a legal claim against the plaintiff for the breach of her covenant of warranty, for the purpose of this case, is accepted as correct. The exception reserved goes only to the allowance of the credit upon the note growing out of the compromise of the claim for a breach of warranty and the order of judgment based thereon.

Regardless of the rule in other jurisdictions, it is well settled in this State that a compromise of a claim which is honestly made and settled in good faith, and believed at the time by the parties to be doubtful, is a sufficient and valid consideration for a promise to pay money or its equivalent, even though it turns out that no valid claim ever existed. The compromise will not constitute a sufficient consideration for the promise, however, if the claim made is groundless and known by both parties to be so and unenforceable, or if it is in its nature an illegal claim. *Read* v. *Hitchings*, 71 Me., 590, 594; *Melcher* v. *Insurance Company*, 97 Me., 512, 517, 55 A., 411.

We can not travel outside the Bill of Exceptions. It there appears that the parties to the instant action effected a compromise of what they believed to be a valid claim, and neither at the time knew that it was unenforceable. They did this in good faith. Under the rule stated, the invalidity of the claim as established in the trial court can not nullify their settlement. The defendant is entitled to credit upon his note in accordance with the compromise. We find no error in the order of judgment below.

*Exceptions overruled.*