JASPER HENDERSON *vs.* GEORGE RITCHIE.

Aroostook.    Opinion, March 22, 1941.

*James P. Archibald,* for plaintiff.
*Pendleton & Rogers,* for defendant.

SITTING: STURGIS, C. J., THAXTER, HUDSON, MANSER, WORSTER, MURCHIE, JJ.

Sturgis, C. J.    This action of assumpsit comes forward for review on a general motion for a new trial and an exception to the charge to the jury.

Although there is some conflict in the testimony, the jury were warranted in finding that on July 22, 1939, the plaintiff's automobile was damaged in a collision with the defendant's cow, which was running at large in the highway. On demand for a settlement, being advised by a state police officer that in accidents which he had investigated, "The man who owned the animal took the responsibility," the defendant told the owner of the car, "If that is the case, take your car up to Harmon's and get it fixed and I will pay for it." The repairs were made at the designated garage at a cost of $173.02, but the owner of the cow refuses to pay the bill. The verdict was for the plaintiff for the full amount of the cost of the repairs.

The motion for a new trial cannot be granted. There can be no doubt that the claim of the owner of the automobile for pay for the damage to it, although believed at the time by the parties to be doubtful, was honestly made and settled in good faith. The settlement, which must be viewed as a compromise, was a sufficient and valid consideration for the defendant's promise to pay for the repairs. *Melcher* v. *Insurance Company*, 97 Me., 512, 517, 55 A., 411 ; *Merriman* v. *Thomas*, 133 Me., 326, 328, 177 A., 615.

The exception is directed to that part of the charge of the presiding justice in which he instructed the jury that:

> "If you believe that this statement was made by Mr. Ritchie to the officer, 'If that is the case you take your car up to Harmon's Garage and get it fixed and I will pay for it,' on the strength of that the plaintiff took his car to Harmon's garage and had it fixed, then the defendant is liable to the plaintiff in the amount in the sum of $173.02."

The error in this instruction claimed here is that, even if the jury should decide that the defendant made the statement to the state highway officer as related, they might also find that the promise to pay for the repair of the damaged automobile was not absolute, but conditional.

We do not think the contention made on this point is tenable. There was a conflict in the evidence as to what the defendant said

when he was called upon to pay for the damages to the automobile, but that question is not open on this branch of the case. If he made the statement attributed to him by the state highway officer, he unequivocally promised to pay for the repairs made necessary by the collision with his. cow, and no reasonable inference to the contrary can be drawn from his words. With no question of sufficiency of consideration for the promise left in doubt on the record, the instruction as to liability as a matter of law was not error. *Horigan* v. *Chalmers Motor Company*, 111 Me., 111, 114, 88 A., 357.

> *Motion for new trial overruled.*
> *Exceptions overruled.*