**CASCO BANK & TRUST COMPANY**

**v.**

**Roger M. RUSH and Joyce B. Rush.**

Supreme Judicial Court of Maine.

Nov. 25, 1975.

Thompson, Willard & McNaboe by U. Charles Remmel, II, Portland, for plaintiff.

Roger M. Rush, pro se.

Before DUFRESNE, C. J., and POMEROY, WERNICK, ARCHIBALD and DELAHANTY, JJ.

---

WERNICK, Justice.

Plaintiff Casco Bank & Trust Company has appealed to this Court from a judgment of the Superior Court which reversed a judgment of the Ninth District Court, Division of Southern Cumberland and remanded the case to said District Court for further proceedings.

We sustain the appeal.

Plaintiff initiated action against defendants Roger M. Rush and Joyce B. Rush in the Ninth District Court to recover damages for breach of contract. The further proceedings in the District Court produced a judgment entered in favor of the plaintiff in the amount of $7,105.48.

The Justice presiding in the Superior Court, although observing that it was not entirely clear whether

"a trial on the merits or . . . a hearing on the Plaintiff's Motion for Summary Judgment . . ."

had produced the District Court judgment for plaintiff, nevertheless concluded that the "true import" of the record was that the District Court judgment resulted from the granting of plaintiff's Motion for Summary Judgment.

In reversing and remanding the case to the District Court for further proceedings, the Superior Court Justice made the following statements of fact.

"Plaintiff's complaint is in two counts. Each count appears to be based upon the failure to pay money in accordance with an alleged written agreement. The allegation in paragraph three of Count I refers to a written agreement as Exhibit A and states: 'A copy of which is attached hereto as Exhibit A.' Paragraph seven in Count II refers to an alleged written agreement and states: 'A copy of which is attached hereto as Exhibit B . . . .' The original complaint on file with this court which was forwarded as a part of the record on appeal from the District Court does not contain any attachments nor any exhibits. The Defendants have denied the allegations of paragraph three in Count I and paragraph seven in Count II."

On the basis of this approach to the record before him, the Superior Court Justice concluded:

". . . [T]his court is at a loss to understand how a complaint which purports to be based upon a contract which . . . is alleged by purporting to attach copies of the contract as exhibits to the complaint can be considered sufficient when the exhibits are not attached to the complaint and the terms of the contract are never set forth in any fashion, summary or otherwise. . . . it seems completely inappropriate to grant a [m]otion for [s]ummary [j]udgment based upon an insufficient complaint."

In its appeal to this Court plaintiff bank maintains that the Superior Court Justice unexplainedly overlooked portions of the record in fact before the Superior Court and thus mistakenly believed that Exhibits "A" and "B" had not been attached to the complaint.

The total record now before us indicates likelihood of some accidental oversight in the Superior Court, if not by the Superior Court Justice, perhaps in the handling of papers in the office of the Clerk of the Superior Court. In deciding the instant appeal, however, we find it unnecessary to concern ourselves with questions relating to identification of the content of the record which was in existence in fact in the Superior Court or whether, indeed, we may properly go behind the Superior Court Justice's statements of fact as to the record which was before him.

Dealing with the decision of the Superior Court Justice on its own factual terms, that Exhibits "A" and "B" had never been attached to the complaint, we conclude that

the Justice erred in reversing the summary judgment in favor of plaintiff and ordering a remand to the District Court on the ground that

> "it seems completely inappropriate to grant . . . [s]ummary [j]udgment based upon an insufficient complaint."

The conception underlying Rule 8 M.R.C.P. is that the function of the complaint is to give fair notice of the claim, and this may be ". . . sufficiently performed by a rather generalized statement." 1 F.McK.&W., Me.Civ.Pr.2d, pp. 192, 193.

Count I of the instant complaint notified defendants that the claim against them concerned a "Money Manager Agreement dated May 8, 1972 in the amount of Five Thousand Two Hundred Dollars . . ." which defendants had "endorsed." It was further alleged that:

> "Demand has been made on . . . Defendants who have neglected and refused to honor said obligation",

and defendants, therefore, "have defaulted on their obligation" in consequence of which

> "[t]here is now due and owing . . . [to plaintiff] the amount of Five Thousand Fifty-Three Dollars and Seven Cents . . . including interest."

Count II of the complaint made reference to a "Master Charge Agreement" as to which plaintiff alleged that defendants "have refused and neglected to pay" and, therefore, owed plaintiff $649.38.

We find this a sufficient statement, although generalized, to give fair notice of the claims to the defendant. The Justice of the Superior Court, therefore, wrongly viewed plaintiff's complaint, absent the attached Exhibits "A" and "B", as an "insufficient complaint" for breach of contract.

Further, it is established beyond question that plaintiff's motion for summary judgment was accompanied by a document, designated "affidavit", signed by Donald E. Gallupe, as Vice-President of the plaintiff bank, to which was in fact attached: (1) as Exhibit "A", photographic copy of the "Money Manager Agreement" showing the signatures "Roger M. Rush" and "Joyce B. Rush" to identify the persons executing it, and (2) as Exhibit "B", photographic copy of the "Master Charge Cardholder Agreement" and application therefor containing signatures, "Roger M. Rush" and "Joyce B. Rush" to identify the applicants.

Plainly, then, at the time of the ruling on the motion for summary judgment the District Court had on record before it, and defendant had been fully informed of, all material details disclosure of which is not the function of the complaint but is a "burden" which the Rule 12(e) "motion for more definite statement", or the various discovery devices provided by the Rules, "can better carry." 1 F.McK. &W., Me.Civ.Pr.2d, p. 193.

It was thus error for the Justice of the Superior Court to reverse the summary judgment entered by the District Court in favor of plaintiff and order a remand to the District Court on the ground that the District Court's decision was "inappropriate" because it was "based upon an insufficient complaint."

The entry is:

*Appeal sustained; case remanded to the Superior Court for further proceedings.*

All Justices concurring.

WEATHERBEE, J., did not sit.