DOM J. MOREAU & SON, INC.

v.

FEDERAL PACIFIC ELECTRIC CO.

Supreme Judicial Court of Maine.

Oct. 13, 1977.

Philip M. Isaacson, Robert S. Hark
(orally), Isaacson, Isaacson & Hark, Lewis-
ton, for plaintiff.

Charles H. Abbott, John B. Cole (orally), Skelton, Taintor & Abbott, Lewiston, for defendant.

Before McKUSICK, C. J., and POMEROY, WERNICK, ARCHIBALD, DELAHANTY, GODFREY and NICHOLS, JJ.

McKUSICK, Chief Justice.

■ This is an appeal from a Superior Court order granting the defendant's motion to dismiss the complaint for failure to state a claim upon which relief can be granted. Rule 12(b)(6), M.R.Civ.P. For purposes of reviewing the presiding justice's ruling on the sufficiency of the complaint, we treat as admitted by the defendant's motion all well pleaded material allegations in the complaint. *Beckett v. Roderick*, 251 A.2d 427, 430 (Me.1969); *Patterson v. Patterson*, 158 Me. 253, 256, 182 A.2d 672, 674 (1962). The complaint contains the following allegations:

In June 1971 the plaintiff, Dom J. Moreau & Son, Inc. (Moreau), an electrical contractor, contracted to supply and install electrical switch gear on a certain construction job in Brunswick, Maine. Moreau ordered the switch gear from Westinghouse Electric Corporation (Westinghouse), simultaneously informing Westinghouse that the gear was required for a job to be completed by September 1, 1971. Westinghouse in turn ordered the switch gear from the defendant, Federal Pacific Electric Company (Federal Pacific).

On September 9, 1971, its order not yet filled, Moreau contacted Westinghouse, informing Westinghouse that its failure to supply Moreau with the switch gear by September 30, 1971 would subject Moreau to the imposition of a penalty in the amount of $200 per day. Federal Pacific did not deliver the switch gear until October 27, 1971. Consequently, penalties were assessed against Moreau in the sum of $5,400.

These events led to a tripartite conference attended by Moreau, Westinghouse, and Federal Pacific. The key paragraph 5 of the complaint relates the outcome of that conference in the following detail:

"Plaintiff complained to Westinghouse, and after a conference between Plaintiff, representatives of Westinghouse, and the Defendant, it was agreed that Defendant would credit Westinghouse with the sum of Five Thousand Four Hundred ($5,400.00) Dollars against Westinghouse's account with Defendant, and Westinghouse, in turn, would credit Plaintiff with the sum of Five Thousand Four Hundred ($5,400.00) Dollars against Plaintiff's account with Westinghouse. In return for Defendant's agreement to make the foregoing credit, Plaintiff agreed in all future orders for electrical switch gear from Westinghouse to specify the products of the Defendant; and Plaintiff did, in fact, so specify Defendant's products to the end that the Defendant enjoyed considerable business therefrom."

On December 28, 1971, Westinghouse gave the promised credit to Moreau. Over three years later, on January 13, 1975, however, Federal Pacific refused Westinghouse the $5,400 credit. Federal Pacific's action provoked Westinghouse to retract Moreau's credit and to commence a successful suit against Moreau to recover the sum of $5,400. Moreau subsequently instituted this action to recover the sum of $5,400 from Federal Pacific.

■ The sufficiency of Moreau's complaint to state a claim upon which relief can be granted must be determined in accordance with the test enunciated by this court in *Jones v. Billings:*

"The test of the sufficiency of a complaint under the new rules of civil procedure is whether or not it appears to a certainty that plaintiff is entitled to no relief under any state of facts which could be proved in support of the claim." 289 A.2d 39, 40 (Me.1972).

*Accord, Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80, 84 (1957). Mindful of the liberalized pleading authorized by our civil rules, we construe the pleadings favorably to the pleader and in the interests of substantial justice. *See Richards v. Ellis*, 233 A.2d 37, 38 (Me.1967); Rules 1, 8(f), 15(a), M.R.Civ.P. *Cf. Casco*

*Bank & Trust Co. v. Rush*, 348 A.2d 239, 241 (Me.1957) (function of the complaint is to provide fair notice of the claim; this may be sufficiently performed by a rather generalized statement); *Cushman v. Perkins*, 245 A.2d 846, 851 (Me.1968) (intent of Maine civil rules is to simplify pleading, although it is still necessary to aver the essential facts of a cause of action).

 In order to state a claim upon which relief can be granted, a complaint must aver either the necessary elements of a cause of action or facts which would entitle a plaintiff to relief upon some theory. *Forbes v. Wells Beach Casino, Inc.*, 307 A.2d 210, 215 (Me.1973); *Cohen v. Bowdoin*, 288 A.2d 106, 110 (Me.1972); *Parsons v. Chasse*, 159 Me. 463, 470, 195 A.2d 72, 76 (1963). If the complaint fairly alleges each essential element of a claim, it will not fail for insufficiency if certain of the necessary facts are alleged in a conclusory manner. Field, McKusick & Wroth, *Maine Civil Practice*, § 12.11, p. 249 (2nd ed. 1970).

 The parties agree that allegations of a meeting of the minds, consideration, and mutuality of obligations state a legally enforceable contract. *Akerley v. Lammi*, 217 A.2d 396, 398 (Me.1966); *Bryant's Pond Steam Mill Co. v. Felt*, 87 Me. 234, 238, 32 A. 888, 889 (1895). Focusing attention upon the pivotal paragraph of Moreau's complaint, which is quoted above, we discern allegations of fact which, when construed in favor of Moreau, suffice to allege the necessary components of a binding agreement.

Thus, Moreau alleges that after the meeting, "it was agreed" that Federal Pacific would extend $5,400 in credit to Westinghouse, to be applied against Westinghouse's account with Federal Pacific. Westinghouse "in turn" would credit Moreau's account with Westinghouse in the identical sum of $5,400. "In return for" Federal Pacific's "agreement to make the foregoing credit" (to Westinghouse), Moreau "agreed" to specify Federal Pacific products in future orders for electrical switch gear through Westinghouse.

An allegation of "agreement" fairly avers, if not every element essential to a contract, at least the facts that the parties met and reached an accord. The element of consideration is patently alleged by the language of exchange employed in the complaint to describe the respective undertakings of the parties to the conference. In addition, Moreau's promise to specify Federal Pacific products in all future orders through Westinghouse is alleged to have been fully executed, a fact which if proved would cast light on the nature of the parties' intent and their understanding respecting the obligations undertaken by each.

Finally, in assessing the sufficiency of this complaint to withstand the motion to dismiss, we must give due consideration to the pleaded circumstances of the agreement. Moreau had incurred a substantial penalty as a direct consequence of Federal Pacific's lateness in delivering the switch gear. Upon complaint to Westinghouse, a conference was held in a context plainly connoting an attempt by the three businesses to resolve their differences. After discussion among the parties, "it was agreed" that Federal Pacific would issue the primary credit to Westinghouse (who would pass it on to Moreau) in a sum exactly equal to the penalty suffered by Moreau as a result of Federal Pacific's delay. Thus, the complaint fairly alleges that the claim of Moreau against Westinghouse, and of the latter in turn against Federal Pacific, was settled, with Moreau agreeing to forbear from suit. Moreau's forbearance from suit constitutes consideration flowing indirectly to Federal Pacific, distinct from and in addition to Moreau's agreement to specify Federal Pacific switch gear in the future. *Cf. King v. Upton*, 4 Me. 387 (1826).

 Citing *Merriman v. Thomas*, 133 Me. 326, 177 A. 615 (1935), Federal Pacific acknowledges that compromise of a claim honestly made and settled and believed by the parties to be doubtful is sufficient consideration for a promise to pay money or its equivalent, indeed even though no valid claim in fact ever existed. From that statement of undoubted good law, Federal Pacific leaps to the argument that the complaint, to rely upon this source of consideration,

must allege that neither party to the settlement agreement believed the claim being settled was groundless or unenforceable. Federal Pacific cites no authority, and none could be cited, for requiring the complaint to plead such a negative. *Cf.* Rule 8(c), M.R.Civ.P.

The complaint adequately alleges all elements of a legally binding agreement by which Federal Pacific would give Westinghouse a $5,400 credit to be passed on to Moreau. We conclude, therefore, that the presiding justice erred in granting the defendant's motion to dismiss for failure to state a claim upon which relief can be granted.

The entry must be:

Appeal sustained. Remanded to the Superior Court for proceedings consistent with this opinion.

All Justices concur.