## Udell BRAMSON

v.

## CHESTER L. JORDAN & COMPANY.

Supreme Judicial Court of Maine.

Nov. 14, 1977.

Udell Bramson, Portland, pro se.

Preti & Flaherty by Thomas A. Cox, Portland, for defendant.

Before DUFRESNE, C. J., and POMEROY, WERNICK, ARCHIBALD, DELAHANTY and GODFREY, JJ.

POMEROY, Justice.

"[A] complaint should not be dismissed for insufficiency unless it appears to a certainty that plaintiff is entitled to no relief under any state of facts which could be proved in support of the claim." 2A Moore's Federal Practice § 12.08 (2d ed.), cited with approval in *Richards v. Ellis,* Me., 233 A.2d 37, 38 (1967). As Section 12.11 of the Commentary to rule 12(b)(6) in Field, McKusick & Wroth, Maine Civil Practice (2d ed. 1970) clearly points up "[t]he 'showing' that the pleader is entitled to relief must be made, but it may be in general terms which would not have survived a demurrer under prior practice. The objective is to avoid wasting time fighting over mere deficiencies of statement, easily corrected in any event by amendment, which do not go to the real merits of the claim."

Rule 12(b)(6) performs a very useful and important function. *Richards v. Ellis, supra,* is an excellent example of a case where a Rule 12(b)(6) motion should be granted. The issue involved there was not merely the technical insufficiency of the pleading, but whether the facts revealed by the pleading were susceptible of any construction demonstrating a legally sufficient claim for relief. That case held that there was an unqualified immunity in the defendants and that under no circumstances could any cause of action be pleaded showing any liability on the part of the defendants as a result of their actions in an official capacity.

*See also Nelson v. Times,* Me., 373 A.2d 1221 (1977).

■ We have consistently ruled that to grant a 12(b)(6) motion based upon the inadequacy of the pleading is improper "unless it appears to a certainty that plaintiff is entitled to no relief in support of the claim." 2A Moore's Federal Practice § 12.08 (2d ed.). *See Dom J. Moreau & Son, Inc. v. Federal Pacific Electric Co., Inc.,* Me., 378 A.2d 151 (1977); *Doane v. Pine State Volkswagen, Inc.,* Me., 377 A.2d 481 (1977); *Jones v. Billings,* Me., 289 A.2d 39 (1972).

The appeal now before us results from a judgement entered on an order dismissing a complaint for "failure to state a claim upon which relief can be granted". Rule 12(b)(6), M.R.Civ.P.

We sustain the appeal.

■ Taking the facts alleged in the complaint as admitted, as we must, *Dom J. Moreau & Son, Inc. v. Federal Pacific Electric Co., Inc.*, Me., 378 A.2d 151, 152 (1977); *Beckett v. Roderick*, Me., 251 A.2d 427, 430 (1969), the following appears:

The appellant had a fire insurance policy on some property in the amount of $12,000, with the appellee, an agent of the insurance company. On November 20, 1971, the appellant notified the appellee to increase the coverage by $3,000. Appellee, however, "neglected" to do so and failed to notify the appellant that the increase had not taken place.

On April 27, 1972, appellant's property was completely destroyed by fire. At that point in time, the appellant alleges, the building was worth considerably more than $15,000. Appellant now seeks to recover the $3,000 which he claims to have lost due to the appellee's failure to increase the insurance coverage.

■ It is the law in Maine that when an insurance broker or agent undertakes to provide insurance for another but fails to do so, the agent is liable in the amount that would have been due if the policy had been obtained. *Miller v. Liberty Insurance Company*, 161 Me. 438, 213 A.2d 831 (1965). In order for the agent to be liable, however, it must be demonstrated that the agent has *undertaken* to provide coverage.

■ The complaint alleges that the appellant "notified the defendant to increase the coverage on said insurance policy from twelve thousand dollars ($12,000) to fifteen thousand dollars ($15,000). The defendant who was an agent of the fire insurance company that had the policy for twelve *thousand dollars* ($12,000) neglected to place said increase of coverage, and they never notified the Plaintiff that the increase in coverage had not been placed."

The complaint now before us is susceptible of several constructions which might entitle appellant to relief. For instance, the appellant might be able to demonstrate that, due to a series of dealings with the appellee, the appellee was obliged to undertake to provide coverage. Or, it might appear that the appellee had expressly undertaken to provide coverage.

In a 12(b)(6) Motion to Dismiss, the pleadings are construed in favor of the pleader. *Dom J. Moreau & Son, Inc. v. Federal Pacific Electric Co., Inc., supra*, at 152.

"We are not concerned with the niceties of pleading. 'But it is incumbent upon this Court to ascertain also if the plaintiff by a fair construction of his complaint has propounded any provable claim susceptible of any relief sought.'" *Richards v. Ellis*, Me., 233 A.2d 37, 38 (1967), quoting from *Parsons v. Chasse*, 159 Me. 463, 470, 195 A.2d 72, 76 (1963).

We are not satisfied that a fair construction of the allegations of his complaint will not permit the conclusion that plaintiff propounded a provable claim susceptible of the relief sought.

The entry must be

Appeal sustained.

Judgment of dismissal set aside.

Remanded to the Superior Court for action consistent with this opinion.

DUFRESNE, C. J., sat at oral argument, but concurred as Active Retired Justice.

POMEROY, WERNICK, ARCHIBALD, DELAHANTY and GODFREY, JJ., concurring.