Howard **HILDEBRANDT**

v.

**DEPARTMENT OF ENVIRONMENTAL PROTECTION, et al.**

Supreme Judicial Court of Maine.

Argued March 4, 1981.

Decided June 5, 1981.

Howard Hildebrandt, pro se (orally).

Philip F. W. Ahrens, III (orally), Cabanne Howard, Asst. Attys. Gen., Augusta, for defendant.

Before McKUSICK, C. J., and WERNICK, GODFREY, NICHOLS, GLASSMAN * and CARTER, JJ.

WERNICK, Justice.

Plaintiff Howard Hildebrandt has appealed from a judgment of the Superior Court (Androscoggin County) which (1) dismissed his complaint against the defendant Department of Environmental Protection for failure to state a claim on which relief can be granted, Rule 12(b)(6) M.R.Civ.P.; and (2) denied him the right to amend his complaint to add one Charles Kellogg as a party defendant. We affirm the judgment as to the defendant Department of Environmental Protection. We set aside, however, that part of the judgment which foreclosed plaintiff from proceeding against Charles Kellogg as a defendant in the action, and we remand to the Superior Court for further proceedings in regard to Charles Kellogg.

The circumstances giving rise to plaintiff's action stem from his efforts to have the Board of Environmental Protection approve, pursuant to 38 M.R.S.A. § 481 et seq., his proposed construction of a trailer park in Durham.

The statute requires persons intending to construct or operate a development subject to its terms to submit an application to the Department of Environmental Protection for consideration by the Board of Environmental Protection. Section 484 of the statute specifies several factors relating to the Board's assessment of applications for site location permits. The present controversy concerns one of these: the necessity that a prospective developer show that he

"has the financial capacity and technical ability to meet state air and water pollution control standards, and has made adequate provision for solid waste disposal, the control of offensive odors, and the securing and maintenance of sufficient and healthful water supplies." 38 M.R.S.A. § 484(1)[1]

Plaintiff, having sought assistance from the staff of the Department of Environmental Protection regarding the application process, dealt with DEP staff member Charles Kellogg. Sometime in 1979, plaintiff finished his application and submitted it to Mr. Kellogg, apparently expecting that he, in turn, would present it to the Board of Environmental Protection. The application included site plans and a letter dated May 7, 1979 from Martin Dow, Vice President of the Mid Maine Mutual Savings Bank in Auburn, stating:

"I have talked with Mr. Howard Hilderbrand (sic) concerning development of a mobile home park on the Cedar Pond Road in Durham.

"I have examined the plans and financial feasibility and upon approval by the State would be interested in pursuing further, provided we have the funds available to do so."

Some time later, Mr. Kellogg communicated by telephone with Mr. Dow and was told that the bank was not able to fund the project at that time. Mr. Kellogg made note of this telephone conversation on the

---

* GLASSMAN, J., sat at argument and participated in conference but died before the opinion was adopted.

1. As here pertinent, Section 484 of 38 M.R.S.A. provides that the proposed development shall be approved if the developer demonstrates, in addition to "financial capacity", that:

"... The developer has made adequate provision for traffic movement of all types out of or into the development area;

"... The developer has made adequate provision for fitting the development harmoniously into the existing natural environment and that the development will not adversely affect existing uses, scenic character, or natural resources in the municipality or in neighboring municipalities.

"... The proposed development will be built on soil types which are suitable to the nature of the undertaking."

bank's letter included in plaintiff's application.[2]

Later, by letter dated September 28, 1979, Mr. Kellogg returned the application to plaintiff, stating:

> "The reason I am returning your application is because of the lack of adequate financing. As soon as financing is available you can again resubmit this application. I am very sorry. I do understand your situation but my hands are tied."

On March 17, 1980 plaintiff instituted the instant action against the Department of Environmental Protection. The complaint alleged that the "financial capacity" requirement of the statute violated plaintiff's right to equal protection of the laws, as guaranteed by Article I, Section 6–A of the Constitution of Maine, in that it subjected prospective developers of land to financial strictures not imposed on other individuals commencing business ventures. The complaint also averred that even if the statutory provision were constitutional, defendant Department had dealt with plaintiff's application in an arbitrary, capricious and unreasonable manner. Plaintiff asked that the "financial capacity" portion of the statute be adjudicated unconstitutional and that he be awarded damages against defendant Department in the amount of $315,000.[3]

Defendant Department moved, under Rule 12(b)(6) M.R.Civ.P., that plaintiff's complaint be dismissed for failure to state a claim on which relief could be granted against the Department. Prior to the hearing on the motion to dismiss, plaintiff moved to amend his complaint by adding Mr. Kellogg as a party defendant. After having heard these motions together, the Superior Court refused to allow the addition of Mr. Kellogg as a party defendant,

and, granting defendant's motion for summary judgment, dismissed the complaint against defendant Department.

*1*

■ We examine, first, the dismissal of the complaint for failure to state a claim against the Department of Environmental Protection. This Court has frequently held that such a dismissal is appropriate only if there is no legal rationale in accordance with which plaintiff might prove a set of facts entitling him to relief. We are thus required to determine whether plaintiff's complaint, construed in the light most favorable to him, either alleges the necessary elements of a cause of action against the Department or states facts that could entitle him to relief against the Department on some legal theory. *Bramson v. Chester L. Jordan & Co.*, Me., 379 A.2d 730 (1977); *Dom J. Moreau & Son, Inc. v. Federal Pacific Electric Co.*, Me., 378 A.2d 151 (1977).

We interpret plaintiff's complaint as presenting two alternative legal theories entitling him to relief against defendant Department. The complaint can be understood as an attempt either (1) to have direct judicial review of the action, or inaction of, the Department of Environmental Protection or (2) to attack collaterally the legality of conduct of the Department.

Direct judicial review of agency action is governed by the Maine Administrative Procedure Act, 5 M.R.S.A. § 8001 et seq., which allows an aggrieved party to obtain judicial review of "final agency action", as that term is defined in the statute,[4] or of the failure or refusal of an agency to act. 5 M.R.S.A. § 11001.

---

**2.** For the purposes of our evaluation of the propriety of the Superior Court's grant of defendant's Rule 12(b)(6) motion to dismiss, we note that the original letter, with Mr. Kellogg's notation concerning his telephone conversation with Mr. Dow, was appended to, and incorporated as part of, plaintiff's complaint.

**3.** This $315,000 figure reflected $15,000 plaintiff allegedly expended on the project during the application process and the estimated in-

come that could have been produced by the trailer park during plaintiff's life.

**4.** Section 8002(4) of 5 M.R.S.A. states that "final agency action" means:

> "a decision by an agency which affects the legal rights, duties or privileges of specific persons, which is dispositive of all issues, legal and factual, and for which no further recourse, appeal or review is provided within the agency."

■ If we assume, arguendo, that the returning of what was deemed to be an incomplete application could be taken to be judicially reviewable on the basis that it constituted "final agency action", such judicial review was not available to plaintiff under 5 M.R.S.A. § 11001(1) because plaintiff did not comply with the requirement of Section 11002(3) that judicial review be undertaken within 30 days of the receipt of notice of the agency's action.

What of the other alternative, which views the circumstances, here, as constituting a "failure" or "refusal" of the *Department* to act on plaintiff's application?[5] To invoke judicial review of the *non-action* of an agency the aggrieved party must institute action

"within 6 months of the expiration of the time within which the [agency] action should reasonably have occurred." 5 M.R.S.A. § 11002(3)

In the present case, the September 28th letter from Mr. Kellogg was the first notice plaintiff received concerning the status of his application and, therefore, plaintiff had six months from that date to take action in the Superior Court to obtain an "order requiring the agency to make a decision within a time certain" on his application. Plaintiff brought his action within this period.

■ Yet, even if plaintiff's action, interpreted as an attempt to obtain judicial review of the "failure" or "refusal" of the agency to act, may have been timely, we conclude that the complaint was properly dismissed as against the Department of Environmental Protection for failure to state a

claim entitling plaintiff to relief against the Department.

Section 11001(2) provides that a person seeking review of an agency's failure or refusal to act may request an order compelling the agency to act. Plaintiff's complaint discloses on its face that such relief was neither contemplated by plaintiff nor appropriate in the circumstances of this case. Paragraph 8 of the complaint states:

"[T]he said project is . . . [no] longer feasible due to the delay cause[d] by the illegal action on the part of the Department of [E]nvironmental Protection."

Plaintiff made clear to us at oral argument that he is not seeking an order to compel processing of the application by the Department. Hence, we must conclude that the complaint does not state a claim on which injunctive, or other equitable, relief can be given against the Department.

■ As to the purported assertion of a cause of action for money damages against the Department, such a claim is precluded by the immunity provisions of the Maine Tort Claims Act, 14 M.R.S.A. § 8101 et seq. This statute states the legislative judgment in general, with particular exceptions carefully set out, that governmental entities are to be immune from tort claims for damages. Section 8103(1) of 14 M.R.S.A. says:

"Except as otherwise expressly provided by statute, all governmental entities shall be immune from suit on any and all tort claims seeking recovery of damages."

The specific authorizations of liability, as the exceptions to the immunity blanket, are set out in Section 8104.[6] Plaintiff's claim

---

5. Section 11001(2) provides:

"Any person aggrieved by the failure or refusal of an agency to act shall be entitled to judicial review thereof in the Superior Court. The relief available in the Superior Court shall include an order requiring the agency to make a decision within a time certain."

6. 14 M.R.S.A. § 8104 states:

"A governmental entity shall be liable for its negligent acts or omissions causing property damage, bodily injury or death in the following instances:

"*1.* In its ownership, maintenance or use of any:

"*A.* Motor vehicle, as defined in Title 29, section 1, subsection 7;

"*B.* Special mobile equipment, as defined in Title 29, section 1, subsection 14;

"*C.* Trailers, as defined in Title 29, section 1, subsection 18;

"*D.* Aircraft, as defined in Title 6, section 3, subsection 5;

"*E.* Watercraft, as defined in Title 12, section 2061, subsection 17;

"*F.* Snowmobiles, as defined in Title 12, section 1971, subsection 3; and

"*G.* Other machinery or equipment, whether mobile or stationary;

against the Department does not fall within the express exceptions delineated in Section 8104 and must, therefore, be held barred by the general immunity against damage suits conferred on the Department, as a governmental entity, by 14 M.R.S.A. § 8103.

### 2

A second approach to plaintiff's complaint must be evaluated, as arising from his undertaking to make Charles Kellogg a party defendant. In this regard, the complaint can be understood as seeking relief against Charles Kellogg, *personally*, by reason of his conduct towards plaintiff. As we noted above, plaintiff's motion to amend his complaint to add Mr. Kellogg as a party defendant was denied by the Superior Court. In the context of defendant's motion to dismiss the complaint under Rule 12(b)(6), the Superior Court's refusal to allow plaintiff to add Mr. Kellogg must be taken to reflect a conclusion by the Superior Court that the complaint presented no facts or theory rationally capable of warranting relief to the plaintiff against Mr. Kellogg personally.

■ In so concluding, the Superior Court erred. We see nothing in the record that would foreclose *as a matter of law* an action by plaintiff against Mr. Kellogg, under the Maine Tort Claims Act, on the rationale that by the way he dealt with plaintiff's application Mr. Kellogg committed some tortious breach of a duty he owed plaintiff. Nothing in the record brings into play, to be operative as a matter of law, the statute's immunity provisions protecting Mr. Kellogg personally against tort liability for damages. The record contains no evidence showing what information was, or was not,

required to be contained in an application to warrant its being treated as a completed application. Nor does the record reveal the nature or scope of Mr. Kellogg's function and responsibilities during the application process.

It was necessary that evidence be produced in these respects to enable a court to determine, especially in light of Mr. Kellogg's claim that his "hands ... [were] tied", whether Mr. Kellogg, in dealing with plaintiff's application as he did, had acted in breach of a duty he owed to the plaintiff. Evidence was also necessary to enable the court to decide whether Mr. Kellogg's conduct came in any event within the statute's protection of employee conduct which is "quasi-legislative", "quasi-judicial", or "discretionary." *See* 14 M.R.S.A. § 8111. It was therefore error for the Superior Court to refuse to permit plaintiff to add Mr. Kellogg as a party defendant against whom, personally, a tort claim for damages was being asserted.

Deciding, therefore, no more than that plaintiff is entitled to plead a tort claim against Mr. Kellogg, and without intimating any opinion on the merits of such a claim, we remand the case to the Superior Court for further proceedings as to Mr. Kellogg in accordance with this opinion.

The entry shall be:

(1) The judgment is affirmed insofar as it dismissed plaintiff's complaint against the defendant Department of Environmental Protection;

(2) the judgment is set aside insofar as it foreclosed plaintiff from amending his complaint to assert a tort claim for damages against Charles Kellogg personally, and as to such amendment

---

"2. In the construction, operation, or maintenance of any public building or the appurtenances thereto, except as provided in section 8103, subsection 2, paragraphs F, H and I;

"3. In the sudden and accidental discharge, dispersal, release or escape of smoke, vapors, soot, fumes, acids, alkalines, toxic chemicals, liquids or gases, waste materials or other irritants, contaminants or pollutants into or upon land, the atmosphere or any water course or body of water; and

"4. Arising out of and occurring during the performance of construction, street cleaning or repair operations on any highway, town way, sidewalk, parking area, causeway, bridge, airport runway or taxiway, including appurtenances necessary for the control of such ways including but not limited to street signs, traffic lights, parking meters and guardrails."

the case is remanded to the Superior Court for further appropriate proceedings in accordance with the opinion herein.

All concurring.