**4**

**D & J ASSOCIATES, et al.**

v.

**BOARD OF ENVIRONMENTAL PROTECTION.**

Supreme Judicial Court of Maine.

Argued March 17, 1989.
Decided June 5, 1989.

James P. Boone, (orally), Caron & Boone, Saco, for plaintiffs.

James E. Tierney, Atty. Gen., Dennis J. Harnish, (orally), Asst. Atty. Gen., Augusta, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD and COLLINS, JJ.

ROBERTS, Justice.

D & J Associates and James Lynch, a general partner of that Maine limited partnership, appeal from a judgment of the Superior Court (York County, *Fritzsche, J.*) dismissing their complaint filed pursuant to 5 M.R.S.A. § 11002 (1979) and M.R.Civ.P. 80C. They claim the court erred in dismissing the complaint for failure to state a claim upon which relief can be granted. We disagree and, accordingly, affirm the judgment.

Proposing to construct condominiums in Old Orchard Beach, appellants applied for a sand dune permit from the Board of Environmental Protection, pursuant to 38 M.R.S.A. § 474 (1978), *repealed* by P.L. 1987, ch. 809, § 1 (effective August 4, 1988). After the Board failed to render a decision within 105 days, *see* 38 M.R.S.A. § 344(3) (Pamph.1988), they sought a court order requiring the Board to issue the permit. The court dismissed the complaint pursuant to the Board's motion.

Dismissal of a complaint for failure to state a claim upon which relief can be granted is appropriate only if there is no legal rationale in accordance with which the plaintiff might prove a set of facts entitling him to relief. *See Hildebrandt v. Dep't of Envtl. Protection,* 430 A.2d 561, 564 (Me.1981). Contrary to appellants' contention, failure of the Board to act on their application within 105 days does not authorize them to proceed without a permit. The relief comprehended by 5 M.R.S.A. § 11001(2) (1979) for failure of the Board to act on an application does not include the granting of a permit by the court. *Id. See Hildebrandt,* 430 A.2d at 565.

Because the court was without authority to grant the only remedy requested, the complaint failed to state a claim upon which relief could be granted. Moreover, the appellants have not argued for an opportunity to amend their complaint. The court was correct in dismissing the complaint.

The entry is:

Judgment affirmed.

All concurring.