Joan WHITE

v.

Freeman ALLEN.

Supreme Judicial Court of Maine.

Argued Sept. 6, 1995.
Decided Nov. 17, 1995.

Susan R. Kominsky (orally), Vafiades, Brountas & Kominsky, Bangor, for plaintiff.

David R. Lipman (orally), Lipman & Katz, P.A., Augusta, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA and LIPEZ, JJ.

WATHEN, Chief Justice.

Plaintiff Joan White appeals from the judgment entered in the Superior Court (Somerset County, *Kravchuk, J.*) ordering defendant Freeman Allen to pay past child

support in the amount of $14,400 and future support in the amount of $1500 per month. White contends on appeal that the court erred in limiting the amount of the retroactive award to reimbursement. She contends that in awarding past support the court should have applied the same statutory factors and child support guidelines it employed in making the prospective award. She argues alternatively that even if reimbursement is the measure of her recovery, the court erred in its calculation of reimbursement. She further contends that the court erred with respect to the calculation of prospective support. Finding no error, we affirm the judgment.

In 1979 a son was born to Joan White and Freeman Allen. White and Allen were living together at the time in Middlebury, Vermont. The parties never married, and they separated a few years after the son's birth. White moved to Maine with her son in 1981 and they have lived in this state since that time. Although the parties did not have a formal child support agreement, Allen paid monthly child support to White in varying amounts over the years.

The initial payments to White were in the amount of $200 per month, which was a continuation of the amount Allen had paid to her to cover the costs of the son's care when they were living together. White consulted an attorney when she left Vermont in order to determine her rights concerning her son. With regard to support, the attorney suggested that White "let sleeping dogs lie." At the same time White asked Allen what his income was, and Allen did not disclose that information. She did not pursue the matter any further.

Over the years Allen increased the amount of support he was paying to meet expenditures for the son's education. He has always paid for the son's health insurance and other necessities. He also gave White an $8,000 loan to help her cover the expenses of remodeling the home in which she and the son lived.

White and her son have always lived modestly, and for a period of time they required food stamps and energy assistance. In 1992 White began to question the amount of child support she was receiving when she learned that Allen had purchased a new automobile. White brought this action for past support and an order of current support. White learned for the first time that Allen had significant resources when he filed an affidavit with the court listing an annual gross income of $556,411. Allen's income is derived almost entirely from trusts, investments, and dividends on a family owned corporation. White, who works as a disc jockey and a waitress, has an annual income of $4,497.

White sought a lump sum payment of past support in the amount of $80,000. The court denied this request and awarded the amount of $14,400 plus attorney fees. This amount represented the $6,400 shortfall White had experienced in maintaining her household when she used food stamps and energy assistance and the discharge of Allen's $8,000 loan for her home. The Superior Court found that "additional past payments would not be in the nature of reimbursement, but would simply represent a 'windfall' to the Plaintiff." The court ordered prospective child support in the amount of $1500 per month.

## I. Past Support

White brought this action pursuant to 19 M.R.S.A. § 443–A (Supp.1994),[1] the Uniform Civil Liability for Support Act, and 19 M.R.S.A. § 271 (Supp.1994),[2] the Uniform Act on Paternity. The former act contains section 446 "Amount of Support," [3] that lists

---

**1.** 19 M.R.S.A. § 443–A "Person's Duty of Support" provides:

Every person shall support that person's child and that person's spouse when in need.

**2.** 19 M.R.S.A. § 271 "Obligations of the father" provides:

The father of a child which is or may be born out of wedlock is liable to the same extent as the father of a child born in wedlock, whether or not

the child is born alive, for the reasonable expense of the mother's pregnancy and confinement and for the education, necessary support and funeral expenses of the child, and reasonable counsel fees for the prosecution of paternity proceedings.

**3.** 19 M.R.S.A. § 446 provides:

When determining the amount due for support the court shall consider all relevant factors including but not limited to:

factors for the court to consider when making an award of support. White contends that with regard to past support the court should have applied sections 443–A and 446 of the Uniform Civil Liability for Support Act to project the amount of child support it might have awarded had the matter been presented earlier. White argues that *Mushero v. Ives,* 949 F.2d 513 (1st Cir.1991) provides persuasive authority for the retroactive application of these sections.

██ White is correct in her contention that *Mushero* supports a retroactive application of section 443–A, and we agree that she is entitled to back support pursuant to that section. *Mushero* did not apply section 446 retroactively, however, nor did it determine whether an award of past support may exceed the amount necessary for reimbursement. We hold that section 446 is not to be applied retroactively and that the measure of recovery for past support is reimbursement for actual and reasonable expenditures. In *Mushero* the defendant father argued that under Maine law, when paternity is not at issue, a custodial parent has no right pursuant to 19 M.R.S.A. § 443–A to be reimbursed for child support for periods prior to the formal establishment of a support obligation. Mushero's argument would have imposed a conditional duty of support, so that parents would be required to support their children only if their children's representatives obtained a formal order of support. The First Circuit rejected this argument and concluded that a parent's support obligation is retrospective as well as prospective and the obli-

gee of that support has the right to secure reimbursement as well as continuing support. *Mushero,* 949 F.2d at 518 (citing 19 M.R.S.A. § 448).

Section 446 of The Uniform Civil Liability for Support Act does not apply to an award of past support and it does not expand recovery beyond reimbursement. The cost of raising a child in the past is a matter of fact. Although future support inevitably involves estimation and projection, in the absence of proof that the nurture and rearing of a child was inadequate, past support remains a matter of "what was" rather than "what might have been." Although Allen did not disclose his wealth, he did not prevent White from exercising her legal rights. She could have pursued a court order at any time to fix his support obligation, but she chose not to do so.

White also argues that past support pursuant to the Uniform Act on Paternity is not limited to "past education and necessary support," 19 M.R.S.A. § 273, but rather requires that the child support guidelines[4] be complied with in determining past support. We disagree.

██ The child support guidelines do not apply to an award of past support. The guidelines are applicable only when a court determines a current order of support or modifies an existing order. An award of past support is neither a determination nor a modification of child support within the meaning of section 272.[5]

1. **Standard of living.** The standard of living and situation of the parties;
2. **Wealth and income.** The relative wealth and income of the parties;
3. **Obligor's ability of earn.** The ability of the obligor to earn;
4. **Obligee's ability to earn.** The ability of the obligee to earn;
5. **Need of obligee.** The need of the obligee;
6. **Age of parties.** The age of the parties;
7. **Obligor's responsibility.** The responsibility of the obligor for the support of others.

4. 19 M.R.S.A. §§ 311–320 (Supp.1994).

5. 19 M.R.S.A. § 272 provides:
 Paternity may be determined upon the complaint of the mother, alleged father, child or the public authority chargeable by law with the support of the child. If paternity has been deter-

mined or has been acknowledged according to the laws of this State, the liabilities of the father may be enforced in the same or other proceedings by the mother, child or the public authority which has furnished or may furnish the reasonable expenses of pregnancy, confinement, education, necessary support or funeral expenses. Aid to Families with Dependent Children benefits expended, pursuant to Title 22, Chapter 1053, on behalf of the mother by the public authority shall be considered necessary support for the child.

In execution of the powers given the court under this subchapter, the court may employ any compulsory process that it determines proper, by execution, attachment or other effectual form, on which costs are taxed as in other actions. The court may enforce any support order established under this subchapter as provided in chapter 14–A (19 M.R.S.A. § 771). A determination or mod-

White next contends that even if reimbursement for necessary education and support is the appropriate standard, the court erred in its calculation of the amounts necessary to reimburse her. White listed approximately $1,137 per month in living expenses for her and her son. The court found that those expenses had been fairly constant during the last six years. White contends that the proper measure of recovery would have been $1,137 per month for the past six years minus the amount of support paid.

 We do not set aside a trial court's findings of fact unless they are clearly erroneous. *Pongonis v. Pongonis,* 606 A.2d 1055, 1057–58 (Me.1992). Competent evidence exists in the record to support the court's determination that Allen's monthly payments in the past were adequate to support his son and that the amount necessary for reimbursement was equal to the shortfall in his payments during the time that White experienced difficulty in maintaining her household. We find no error in the award.

## II. Calculation of Current Support Under the Child Support Guidelines

With regard to current support, White argues that the court erred in attributing to Allen a $2,000 per month obligation of support for his other children while fixing the amount of this son's support at only $1,500. The court found that for purposes of the child support guidelines Allen had an adjust-

ed gross income of "well in excess of $400,000 per year." White contends that because the guidelines suggest an award of $1,100 for the highest income bracket of $126,000, it was clear error to have awarded only $400 more than the suggested amount when Allen's income is four times greater than the highest bracket.

 When a parent's income exceeds the maximum amount in the guidelines, the determination of current child support is within the discretion of the trial court. Absent a violation of a positive rule of law we will overturn the trial court's decision only if it "results in a plain and unmistakable injustice, so apparent that it is instantly visible without argument." *Smith v. Smith,* 419 A.2d 1035, 1038 (Me.1980). No abuse of discretion has been demonstrated.

The remaining issues are without merit and require no discussion.

The entry is:

Judgment affirmed.

All concurring.

ification of child support under this section must comply with Chapter 7, subchapter I–A (19 M.R.S.A. § 311).