1998 ME 266

DEPARTMENT OF HUMAN SERVICES
on Behalf of Julie A. YOUNG

v.

Gregory J. LEIFESTER.

Supreme Judicial Court of Maine.

Submitted on Briefs Oct. 28, 1998.

Decided Dec. 14, 1998.

Andrew Ketterer, Attorney General, Diane E. Doyen, Assistant Attorney General, Augusta, Attorney for the Plaintiff.

Anthony K. Ferguson, Fales & Fales, Lewiston, Attorney for the Defendant.

Before WATHEN, C.J., and CLIFFORD, RUDMAN, DANA, SAUFLEY, ALEXANDER, and CALKINS, JJ.

WATHEN, C.J.

[¶ 1] Defendant Gregory Leifester appeals from the judgment of the Superior Court (Androscoggin County, *Marden, J.*) awarding plaintiff Julie A. Young $21,346 as reimbursement for past child support pursuant to the Uniform Interstate Family Support Act (UIFSA). Because the court did not err in accepting an unverified amendment to Young's Uniform Support Petition and in ordering Leifester to pay retroactive child support, we affirm the judgment.

[¶ 2] The facts may be summarized as follows: Julie Young gave birth to her son Travis in 1982. Young never requested child support from Leifester nor did she initiate a court action to obtain support. In 1996 the Maine Department of Human Services (DHS), at the request of the State Attorney's Office of Maryland, filed a Uniform Support Petition on behalf of Young pursuant to the Uniform Interstate Family Support Act (UIFSA). *See* 19 M.R.S.A. §§ 421–429–B (Pamph.1996), *repealed and replaced by* P.L. 1995, ch. 694, § B–1 (effective Oct. 1, 1997) (codified at 19–A M.R.S.A. §§ 2801–3301 (1998 & Supp.1998)).[1] UIFSA authorizes the state responding to a Uniform Support Petition, in this case Maine, to commence a child support proceeding at the request of a petitioner or an enforcement agency in another state. *See* 19 M.R.S.A. § 423 (Pamph.1996) (current version at 19–A M.R.S.A. § 3001 (1998)).

[¶ 3] Young's petition alleged that Leifester was the father of Travis and requested a determination of paternity as well as an award of child support and medical coverage as required by Maine statutes. The petition, which was verified as required by UIFSA, 19 M.R.S.A. § 423–J(1) (Pamph.1996) (current version at 19–A M.R.S.A. § 3011 (1998)),[2] did not specifically request collection of arrears or retroactive child support. In March of 1997, DHS filed an amendment, sent by the Maryland State Attorney's Office at Young's request, that altered the petition only by including a request for the collection of arrears or retroactive child support.

[¶ 4] After testing demonstrated a strong likelihood that he was the father of Travis,

---

1. Title 19 was recodified as Title 19–A after Young's claim was filed. As a result, UIFSA is currently located at 19–A M.R.S.A. §§ 2801–3301 (1998 & Supp.1998). No substantive changes were made to the statute that affect the issues in this case.

2. The statute stated in pertinent part:
   1. **Petition; contents.** A petitioner seeking to establish or modify a support order or to determine parentage in a proceeding under this Act must verify the petition. Unless otherwise ordered under section 423–K, the petition or accompanying documents must provide, so far as known, the names, residential addresses and social security numbers of the obligor and the obligee, and the name, sex, residential address, social security number and date of birth of each child for whom support is sought. The petition must be accompanied by a certified copy of any support order in effect. The petition may include any other information that may assist in locating or identifying the respondent.
   2. **Specify relief sought.** The petition must specify the relief sought. The petition and accompanying documents must conform substantially with the requirements imposed by the forms mandated by federal law for use in cases filed by a support enforcement agency.
   19 M.R.S.A. § 423–J(1).

Leifester stipulated to paternity at the hearing and agreed to the amount of his ongoing weekly child support obligation. The court determined paternity, established ongoing child support, and ordered Leifester to reimburse Young $21,346 for past child support. On appeal, Leifester challenges only the order for past child support.

[¶ 5] Leifester first argues that the court erred as a matter of law in accepting the amendment to Young's petition, adding the request for retroactive child support. It is well settled that the decision to grant leave to amend a pleading is within the sound discretion of the trial court. *See Holden v. Weinschenk*, 1998 ME 185, ¶ 6, 715 A.2d 915, 917.

[¶ 6] UIFSA is a remedial statute,[3] and as such must be construed liberally. *See Director of the Bureau of Labor Standards v. Cormier*, 527 A.2d 1297, 1300 (Me.1987) ("Remedial statutes should be liberally construed to further the beneficent purposes for which they are enacted."). Although UIFSA requires that Uniform Support Petitions be verified, it does not explicitly require verification for amendments to petitions. *See* 19 M.R.S.A. § 423–J(1). Thus, the court applied that provision of UIFSA requiring that state substantive and procedural laws be applied to proceedings unless otherwise provided by UIFSA. *See* 19 M.R.S.A. § 423–B (Pamph.1996) (current version at 19–A M.R.S.A. § 3003 (1998)).[4]

[¶ 7] Under Maine law, the function of a complaint is to provide notice of a claim to the opposing party. *See* M.R. Civ. P. 8(a) ("A pleading which sets forth a claim for relief ... shall contain ... a short and plain statement of the claim showing that the

pleader is entitled to relief."); *see also Casco Bank & Trust Co. v. Rush*, 348 A.2d 239, 241 (Me.1975) (stating that "the concept underlying 8 M.R.C.P. is that the function of the complaint is to give fair notice of the claims"). Maine Rule of Civil Procedure 8(f) states that "pleadings shall be so construed as to do substantial justice," and Rule 15(a) provides that leave shall be freely granted to amend a pleading "when justice so requires." M.R. Civ. P. 8(f); M.R. Civ. P. 15(a). Given UIFSA's remedial nature, the equitable nature of Maine Rules of Civil Procedure 8(f) and 15(a), and the nature of the amendment offered, the court did not exceed the bounds of its discretion in amending Young's petition.

[¶ 8] Leifester next argues that UIFSA does not authorize the court to order him to pay past child support. Because this is an issue of law, we review the decision of the Superior Court de novo. *See State v. O'Connor*, 681 A.2d 475, 476 (Me.1996). UIFSA includes within the powers of the responding tribunal the authority to "[i]ssue or enforce a support order, modify a child support order or render a judgment to determine parentage," as well as to "[d]etermine the amount of any arrearages and specify a method of payment." 19 M.R.S.A. § 423–D(2)(A), (D) (Pamph.1996) (current version at 19–A M.R.S.A. § 3005(2)(A), (D) (1998)). Moreover, UIFSA broadly defines the term "support order":

> "Support order" means a judgment, decree or order, whether temporary, final or subject to modification, for the benefit of a child, a spouse or a former spouse, which provides for monetary support, health care, arrearages or reimbursement, and may include related costs and fees, inter-

---

3. For example, UIFSA expressly notes that it is not to be construed to foreclose any remedies available to a petitioner under other law. *See* 19 M.R.S.A. § 421–B (Pamph.1996) (current version at 19–A M.R.S.A. § 2803 (1998)). UIFSA also applies special rules of evidence to facilitate the petition of an out of state parent. *See* 19 M.R.S.A. § 423–O (Pamph.1996) (current version at 19–A M.R.S.A. § 3016 (1998)).

4. The statute stated in pertinent part:
   Except as otherwise provided by this Act, a responding tribunal of this State:

   **1. Procedural and substantive law; powers and remedies.** Shall apply the procedural and substantive law, including the rules on choice of law, generally applicable to similar proceedings originating in this State and may exercise all powers and provide all remedies available in those proceedings; and
   **2. Determine duty and amount of support.** Shall determine the duty of support and the amount payable in accordance with the law and support guidelines of this State.
   19 M.R.S.A. § 423–B.

est, income withholding, attorney's fees and other relief.

19 M.R.S.A. § 421(21) (Pamph.1996) (current version at 19–A M.R.S.A. § 2802(22) (1998)).

[¶ 9] Maine's substantive law regarding paternity and child support is the Uniform Act on Paternity, 19 M.R.S.A. §§ 271–287 (Pamph.1996), *repealed and replaced by* P.L. 1995, ch. 694, § B–1 (effective Oct. 1, 1997) (codified version at 19–A M.R.S.A. §§ 1551–1570 (1998)), which the court applied pursuant to that provision of UIFSA requiring the application of state substantive law. The Uniform Act on Paternity allows the court to order past child support:

> If paternity has been determined or has been acknowledged according to the laws of this State, the liabilities of the father may be enforced in the same or other proceedings by the mother, the child or the public authority that has furnished or may furnish the reasonable expenses of pregnancy, confinement, education, support or funeral expenses. Chapter 7, subchapter I–A [19 M.R.S.A. §§ 311–320 (Pamph. 1996), *repealed and replaced by* P.L.1995, ch. 694 § B–1 (effective Oct. 1, 1997) (codified version at 19–A M.R.S.A. §§ 2001–2010 (1998))] applies to an award of past support, which is calculated by applying the current child support guidelines to the period for which past support is owed.

19 M.R.S.A. § 272 (Pamph.1996) (current version at 19–A M.R.S.A. § 1553 (1998)); *see also Mushero v. Ives*, 949 F.2d 513, 518 (1st Cir.1991) (stating that "the right to collect retroactive support is conclusively established in Maine's paternity statutes"). Thus, the court properly applied the substantive law of Maine and ordered Leifester to pay for the past support of Travis.

 [¶ 10] Finally, Leifester assigns error to the court's method of computing his obligation for past child support. Leifester argues that the award must be based on reimbursement for actual and reasonable expenditures, citing *White v. Allen*, 667 A.2d 112 (Me.1995). *White v. Allen*, however, lost any value as precedent by virtue of amendments to 19 M.R.S.A. § 272. *See* L.D. 1842, Statement of Fact (117th Legis.1996) at 250.[5] Section 272 was amended to require that liability for past support be calculated by applying the child support guidelines to the period for which past support is owed. *See* 19 M.R.S.A. § 272. In turn, the child support guidelines mandate the use of the child support tables in computing an award of past support. *See* 19 M.R.S.A. § 316(1), (1–A) (Pamph.1996) (current version at 19–A M.R.S.A. § 2006(1), (2) (1998)). In this case, the court relied upon a child support worksheet prepared by DHS, applying the child support guidelines to the period for which prior support was owed, in correctly computing that Leifester was responsible for $21,346 in past child support.

The entry is:

Judgment affirmed.

---

**5.** The Statement of Fact explains:

> Part A of this bill amends the law in response to the recent law court case, *White v. Allen*, 667 A.2d 112 (Me.1995). In that case the Maine Supreme Court ruled that the child support guidelines do not apply to an award of past support under Maine's Uniform Act on Paternity.... A result of the *White v. Allen* decision is to create 2 different standards for establishing awards for past support because other statutory provisions require the Department of Human Services to use the Child Support Guidelines....

> The Department of Human Services has used guidelines to calculate awards for past support in its administrative proceedings since the late 1970's.... The Uniform Act on Paternity [is] amended to clarify that an award of past support is based on the child support guidelines, not reimbursement for actual and reasonable expenses.

L.D. 1842, Statement of Fact (117th Legis.1996) at 250.